1  CHRISTOPHER A. OLSEN (SBN 236928)
   **OLSEN LAW OFFICES, APC**
2  1010 SECOND AVE., STE. 1835
   SAN DIEGO, CA 92101
3  TEL: (619) 550-9352
   FAX: (619) 923-2747
4  CAOLSEN@CAOLSENLAWOFFICES.COM

5  Attorneys for Plaintiffs LAWRENCE DANIEL CHRISTENSEN and GEORGE
6  CURREA as individuals and on behalf of all similarly situated employees

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Attorneys for Plaintiffs LAWRENCE DANIEL CHRISTENSEN and GEORGE CURREA as individuals and on behalf of all similarly situated employees, <br><br> Plaintiffs, <br><br> v. <br><br> HILLYARD, INC, and DOES 1 through 10, inclusive <br><br> Defendants | Case No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. **Failure to Reimburse Expenses, Cal. Lab. Code, §2802** <br> 2. **Unlawful Deductions, Cal. Lab. Code §221** <br> 3. **Inaccurate Wage Statements, Cal. Lab. Code, §226** <br> 4. **Waiting Time Penalties, Cal. Lab. Code,§§201-203** <br> 5. **Unfair Business Practices., Cal. B&P 17200** <br><br> **DEMAND FOR JURY TRIAL** |

- 1 –

CLASS ACTION COMPLAINT

Plaintiffs LAWRENCE DANIEL CHRISTENSEN ("Plaintiff Christensen") and GEORGE CURREA ("Plaintiff Currea") (collectively referred to as "Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

# I.

# INTRODUCTION

1. This case arises out of the failure to reimburse employee for work-related expenses to certain California employees of defendant HILLYARD, INC. (hereinafter "HILLYARD" or "Defendants") and an unlawful practice to deduct costs for Defendant's products from its California employees. Plaintiffs were employed in California as Account Managers and were responsible for selling Defendants' products and services to customers located in geographically diverse locations. In the normal course of their duties, Plaintiffs maintained home offices and while traveling solicited customers throughout diverse geographic areas via cell phone, email, and text message. In the course of Plaintiffs' normal sales duties, Plaintiffs visited customers in-person and demonstrated the products and services they meant to sell the customers. Such demonstrations were consistent with Defendants' sales training and were considered by Defendants and Plaintiffs to be a critical tool in the sales process. Defendants, however, required Plaintiffs and Plaintiff Class Members to partially cover the cost products (i.e. 33% of wholesale price of soaps, cleaning chemicals, dispensaries) from Defendants to use for the demonstrations. Defendants also required Plaintiffs and other Plaintiff Class Members to purchase laptop computers, cell-phones, iPads, and even Defendants' corporate uniform shirts. Upon information and belief, Defendants did not reimburse Plaintiffs or Plaintiff Class Members any of these costs. Although Defendants provided Plaintiff Currea a modest car allowance of $175 per month

when he began employment, it withdrew the car allowance in approximately 2010. Even so, the $175 car allowance did not adequately cover the approximately 2,500 miles Plaintiff Currea drove per month. When Plaintiffs questioned Defendants' lack of reimbursement or justification as to why Plaintiffs were required to cover the partial costs of the products, Defendants' managers responded that Plaintiffs were independent businessmen and that they needed to shoulder some of the cost of doing business. At all times relevant to this Complaint, Defendants deducted state taxes, federal taxes, medical insurance premiums, dental insurance costs, and directed Plaintiffs' work. As a result of these practices, Plaintiffs allege that they and the Plaintiff Class Members have been harmed by not being reimbursed for necessary and reasonable work related expenses, and have had wages unlawfully withheld from them.

2.     The proposed Plaintiff Class consists of persons employed by HILLYARD in California as Account Managers, Account Executives, Outside Sales Representatives and/or other similarly situated job titles who sold products and services on behalf of Defendants in geographically diverse locations in California and who, during the Class Period, incurred expenditures or losses as a direct result of their employment with Defendants but were not reimbursed for those expenditures or losses. Plaintiffs additionally propose a class consisting of all persons employed by HILLYARD in California as Account Managers, Account Executives, Outside Sales Representatives, and/or other similarly situated job titles who sold products and services on behalf of Defendants within geographically diverse areas in California and who, during the Class Period, had costs of Defendant's products deducted from their wages ("Labor Code 221Class"). The Class Period includes four years prior to the date this Complaint is filed through the date of final judgment. Plaintiffs propose two penalty sub-classes of Labor

Code 221Class Members who--because of deductions for partial costs of Defendants' products and services--were not provided wage statements that accurately itemized earned wages (Labor Code 226 Sub-Class), and a sub-class of Labor Code 221Class Members who are formerly employed with Defendants and who--because wages were improperly deducted for partial costs of Defendant's product and/or services-- were not paid all earned wages owed at termination (Labor Code 201-203 Sub-Class). Both the Labor Code 226 Sub-Class and the Labor Code 201-203 Sub-Class have class periods that begin one year prior to the date this Complaint is filed through trial ("Penalty Sub-Class Period").

## II.
## JURISDICTION AND VENUE

3.   On information and belief, the District Court of the United States, Northern District of California, has jurisdiction in the matter because: 1) the Defendant is a citizen of the State of Missouri and not a citizen of this state but conducts business in good standing within the State of California; 2) Defendant HILLYARD has office locations located within the jurisdiction of the Northern District of California; 3) Plaintiff Christensen is currently a citizen of the State of Utah and consents to Jurisdiction in the Northern District of California; 3) Plaintiff Currea is a citizen of California and resides in the jurisdiction of the Northern District of California; and 4) inclusive of statutory attorneys' and litigation costs fees under Labor Code, section 2802, the amounts in controversy for each individual named Plaintiff exceeds $75,000.00.

4.   Venue is proper in this Judicial district, because the Defendants maintain locations and transact business in the Northern District of California, the obligations and liability arise in the Northern District of California, and work was

performed by Plaintiffs and members of the proposed class made the subject of this action in the Northern District of California.

## III.

## PARTIES

### A. Plaintiffs CHRISTENSEN AND CURREA

5.  Plaintiff CHRISTENSEN is an individual over the age of eighteen (18) and is currently a resident of Eagle Mountain, Utah. Plaintiff Christensen was employed by Defendants as a California based Account Manager from August 1, 2011 to January 31, 2013. During Plaintiff Christensen's employment with Defendants, Plaintiff Christensen resided in Capitola, California. Consistent with his status as an employee, Defendants deducted from Plaintiff Christensen's paychecks Federal and California State taxes, as well as medical, dental and other deductions. Defendants paid Plaintiff Christensen a draw against commission. As an Account Manager, Plaintiff Christensen's job duties caused him to drive from his home office to visit customers and prospective customers, thus causing him to incur mileage expenses on his personal vehicle. Plaintiff Christensen customer locations were geographically diverse and stretched from South San Francisco, California, to Monterey, California, a distance of approximately 108 miles North to South, and East to West from Evergreen, San Jose to Santa Cruz, approximately 68 miles. Accordingly, the geographical area Plaintiff Christensen serviced on behalf of Defendants was roughly 7,344 square miles. Plaintiff Christensen's job duties required him to maintain contact with clients and potential clients via telephone, facsimile, and email. Additionally, Plaintiff Christensen was expected to meet with customers in-person in order to demonstrate the products he intended to sell the customers. Plaintiff Christensen incurred additional expenses including, but not

limited to, internet usage and cell phone expenses, which were necessarily incurred in performing his job duties of contacting geographically diverse customers while he traveled. Defendants required Plaintiff Christensen to make certain purchases, including but not limited to, polo shirts with Defendants' insignia, and a laptop. Defendants also required Plaintiff Christensen to obtain automobile insurance with $500,000 limits and to name Hillyard, Inc. as an insured. Although Defendants required Plaintiff Christensen to incur these expenses and purchases identified above, Defendants failed to reimburse Plaintiff Christensen for these expenses and purchases. Upon information and belief, Defendants did not have a policy or practice to reimburse Plaintiff Christensen or any other employees for work-related expenses incurred during the normal course of their job duties.

6. Plaintiff CURREA is an individual over the age of eighteen (18) and who has been employed by Defendants as a California based Account Manager from approximately June 1998 to the present. Plaintiff currently resides in Martinez, California. Consistent with his status as an employee, Defendants deducted from Plaintiff Currea's paychecks Federal and California State taxes, as well as medical, dental and other deductions. As an Account Manager, Plaintiff Currea's job duties required him to drive from his home office to visit customers, thus causing him to incur mileage expenses on his personal vehicle. Plaintiff Currea serviced customers spread throughout Alameda County, San Mateo County, and others. When Plaintiff Currea began his employment, Defendants provided a modest automobile allowance of approximately $175, per month, as well as a modest expense allowance for a facsimile line. But in approximately May 2010, Defendants removed the automobile allowance and facsimile allowance. At the same time, Defendants also reduced Plaintiff Currea's commission percentage. Plaintiff Currea incurred additional expenses including, but not limited to, internet

usage and cell phone expenses, which were necessarily incurred in order to maintain contact with geographically diverse base of clients and potential clients while traveling his geographic sales territory. Defendants required Plaintiff Currea to make certain purchases, including but not limited to, polo shirts with Defendants' insignia, an iPhone, an iPad, and a laptop computer. Defendants also required Plaintiff Currea to obtain automobile insurance with $500,000 limits and to name Hillyard, Inc. as an insured. Defendants also deducted from Plaintiff Currea's commission earnings the partial costs of certain products Defendants expected Plaintiff Currea to sell. For example, Plaintiff Currea was required to sell soaps and dispensers. Defendants deducted from Plaintiff Currea's commission earnings approximately 1/3rd of the wholesale cost of soap and 1/3rd of the wholesale cost of the soap-dispenser. Although Defendants required Plaintiff Currea to incur these expenses and purchases identified above, Defendants failed to reimburse Plaintiff Currea for these expenses and purchases. Defendants did not have a policy or practice to reimburse Plaintiff Currea.

7. Each of the Plaintiff Class Members are identifiable, similarly situated persons who were employed by Defendants in California as Account Managers, Account Executives, Outside Sales Representatives and/or other similarly situated job titles who sold products and services on behalf of Defendants within geographical sales territories in California and who, during the Class Period, incurred expenditures or losses as a direct result of their employment with Defendants but were not reimbursed for expenses incurred. Plaintiff Sub-class consists of individuals who had deductions from their wages for Defendant's products.

///

///

B. **Defendant HILLYARD, INC.**

8. Plaintiffs are informed and believe, and based thereon allege, that Defendant HILLYARD, INC. is a corporation organized under the laws of the State of Missouri and is and/or was the employer of Plaintiffs and Plaintiff Class Members during the Class Period. Defendant HILLYARD conducts business in the State of California and, upon information and belief, is presently in good standing.

9. Plaintiffs are ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief allege that said Defendants are legally responsible for the occurrences herein alleged, and that the damages of Plaintiffs and the Plaintiff Class Members herein alleged were proximately caused by such Defendants. Plaintiffs will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

10. Plaintiffs are informed and believe, and based thereon allege, that each Defendant herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiffs are further informed and believe that each Defendant herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## IV.

## GENERAL ALLEGATIONS

11. California Labor Code, section 2802 provides that an employee may bring an action to be indemnified by the employer for any reasonable and/or necessary expenses or losses incurred as a consequence of the discharge of the

employee's duties or obedience to the directions of the employer. Employees are also entitled to recover interest and attorneys' fees.

12. Defendants have had a consistent policy and practice of failing to reimburse Plaintiff Class Members for all necessary expenditures or losses they incurred in direct consequence of the discharge of their duties. Defendants failed to reimburse Plaintiff Class Members pursuant to Labor Code section 2802.

13. California Labor Code, section 221 states that it is unlawful for an employer to collect or receive from an employee any part of wages paid by the employer to the employee.

14. California Labor Code, section 226 requires employers to accurately itemize all wages and deductions. Defendant HILLYARD deducted costs for product and services sold by Plaintiffs and the Plaintiff Sub-Class members but failed to itemize those deductions in wage statements provided to Plaintiffs and the plaintiff Sub-Class.

15. Plaintiffs are informed and believe, and based thereon allege, that Defendants currently employ, and during the relevant liability period have employed at least 50 employees in the State of California as Account Managers, Account Executives, Outside Sales Representatives and other similarly situated job titles who sold products and services on behalf of Defendants in geographically diverse locations who incurred expenditures or losses as a direct result of their employment with Defendants but who were not reimbursed for those expenditures or losses.

16. Plaintiffs, on behalf of themselves and all other Plaintiff Class Members, bring this action pursuant to California Labor Code sections, 201-203, 221, 226 and 2802, seeking reimbursement for expenses and deductions incurred,

injunctive, and other equitable relief, penalties, and reasonable attorneys' fees and costs.

17. Plaintiffs, on behalf of themselves and all Plaintiff Class Members, pursuant to Business and Professions Code sections 17200-17208, also seek injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

18. Further, Business and Professions Code § 17203 provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction. Business and Professions Code § 17204 provides that any person who has suffered actual injury and has lost money or property as a result of the unfair competition may bring an action in a court of competent jurisdiction.

## V.

## CLASS ALLEGATIONS

19. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure, Rule 23. Plaintiffs seek to represent Classes composed of and defined as follows:

    a. <u>Plaintiff Class</u>: All persons employed by HILLYARD in California as Account Managers, Account Executives, Outside Sales Representatives, and/or other similarly situated job titles who sold products and services on behalf of Defendants in geographically varied locations in California and who, within four years prior to the filing of the Complaint through date of trial ("Class Period"), incurred expenditures or losses as a direct result of their employment with Defendants but were not reimbursed for those expenditures or losses.

    b. <u>Plaintiff Labor Code 221 Class</u>: All persons employed by HILLYARD in California as Account Managers, Account Executives, Outside Sales Representatives, and/or other similarly situated job titles who sold products and services on behalf of Defendants in geographically varied locations in California and who, within four years prior to the filing of the Complaint through date of trial ("Class

Period"), had wages deducted by Defendants for partial costs of product and services.

c. <u>Plaintiff Labor Code 226 Sub-Class</u>: All Plaintiff Labor Code 221 Class Members employed by Defendants in California within one year prior to the filing of this Complaint ("Penalty Sub-Class Period") who-because of deductions for partial costs of Defendants' products and services-- were not provided wage statements that accurately itemized earned wages.

d. <u>Plaintiff Labor Code 201-203 Sub-Class</u>: All Plaintiff Labor Code 221 Sub-Class Members whose employment terminated within the Penalty Sub-Class Period and who- because wages were deducted for partial costs of Defendants products and services--were not provided all wages owed at termination.

20. Plaintiffs reserve the right under Federal Rules of Civil Procedure, Rule 15, to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

21. This action has been brought and may properly be maintained as a class action under the provisions of Federal Rules of Civil Procedure, Rule 23 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

22. Pursuant to Fed. R. Civ. P, Rule 23(a)(1), the Plaintiff Class and Plaintiff Sub-Class Members are so numerous that the individual joinder of all such plaintiffs is impractical.  While the precise number of Plaintiff Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants currently employs, and during the relevant time periods employed over 50 employees in positions as Defendants' Account Managers, Account Executives, Outside Sales Representatives, and similarly situated job titles who

sold products and services on behalf of Defendants in geographically varied locations in California and who are, or have been, affected by Defendants' unlawful practices as alleged herein.

23. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Upon information and belief, Plaintiffs allege Defendants' employment records would provide information as to the number and location of all Plaintiff Class Members. Joinder of all members of the proposed Classes is not practicable.

24. Pursuant to Rule 23(a)(2), common questions of law and fact exist as to the Plaintiff, the Plaintiff Class Members, and Plaintiff Sub-Class Members, and predominate over any questions which affect only individual members of the Plaintiff Class Members and Plaintiff Sub-Class Members. These common questions include, but are not limited to:

   a. Whether Plaintiffs and Plaintiff Class Members are entitled to be reimbursed by Defendants for expenditures and losses incurred as a direct result of their employment with Defendants, including but not limited expenses and losses consisting of mileage, cell phone usage and data plans, iPads, computers, and uniform shirts;

   b. Whether Defendants unlawfully deducted a portion of the Plaintiff Sub-Class Members' wages to pay for Defendants' products and dispensers;

   c. Whether Defendants violated sections 201-203 of the Labor Code by failing to pay all earned wages and/or premium wages or return unlawfully deducted wages, expenditures or losses, or reimbursements due and owing at the time that any Plaintiff Class

       Member's employment with Defendants terminated, voluntarily or involuntarily;

    d.    Whether Defendants violated section 226 by providing inaccurate wage statements that failed to identify deductions for HILLYARD products and dispensers from Sub-Class members' wages and thus failing to identify all wages earned;

    e.    Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code, Labor Code sections 201-203, 221, and 2802, which violation constitutes a violation of fundamental public policy; and

    f.    Whether Plaintiffs and the Plaintiff Class Members are entitled to equitable relief pursuant to Business and Professions Code section 17200 *et seq.*

25.    The claims of the named Plaintiffs are typical of the claims of the Plaintiff Class Members. Plaintiffs and all members of each Plaintiff Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

26.    Plaintiffs will fairly and adequately represent and protect the interests of the members of each Class. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

27.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Plaintiff Class predominate over any questions affecting only individual members of the Plaintiff Class. Each member of the Plaintiff Class has been damaged and is entitled to

recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

28. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI.

## CAUSES OF ACTION

### First Cause of Action
### Failure to Reimburse Expenses, Cal. Lab. Code, §2802
*(Plaintiffs Christensen, Currea, and Plaintiff Class against All Defendants)*

29. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

30. Pursuant to California Labor Code §2802, Defendants are required to reimburse Plaintiffs and Plaintiff Class for expenses incurred by them in the performance of their job duties.

31. During the relevant time period, Defendants had a uniform policy and procedure that required Plaintiffs and Plaintiff Class to personally incur and pay for expenses during the performance of their employment duties for Defendants, without full reimbursement from Defendants. Defendants assigned Plaintiffs and the Plaintiff Class Members geographic sales territories and expected Plaintiffs and the Plaintiff Class Members to use their own vehicles to visit customers and potential customers, which caused Plaintiffs and Plaintiff Class Members to incur automobile, insurance, and mileage expenses. Defendants expected Plaintiffs and

Plaintiff Class Members to communicate via cell phone and email with customers and potential customers while Plaintiffs and Plaintiff Class Members were traveling the geographic sales territory, thus causing Plaintiffs and Plaintiff Class Members to incur costs related to cell phone usage, internet usage, and data plan usage. Defendants had no policy or practice to reimburse Plaintiffs or Plaintiff Class Members for any work-related expenses.

32. As a result of these expense reimbursement policies and procedures, Plaintiffs and Plaintiff Class have been damaged in an amount according to proof at the time of trial, and in excess of the minimum jurisdiction of this Court.

33. Defendants' pattern, practice, and uniform administration of corporate policy, regarding failure to fully reimburse business expenses as described is unlawful.

34. Plaintiffs and Plaintiff Class are entitled to recover from Defendants the full amount of the expenses they incurred in the course of their job duties, plus interest, plus reasonable attorneys' fees and costs.

### Second Cause of Action
### Unlawful Deductions, Cal. Lab. Code §221
*(Plaintiffs Christensen, Currea, and Plaintiff Class against All Defendants)*

35. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

36. Labor Code §221 prohibits Defendants from deducting from employee wages any sums to cover the cost of doing business. Plaintiffs allege that Defendants unlawfully deducted from their wages and the Sub-Class members' wages approximately 33% of the retail cost of Defendants' paper, soap, cleaning chemicals, and product dispensers. Plaintiffs and other members of the Sub-Class are owed such sums deducted in violation of California law.

37. As a proximate result of the aforementioned violations, Plaintiffs and members of the Sub-Class have been damaged in an amount according to proof at the time of trial, but in an amount in excess of the minimum jurisdiction of this Court.

38. Pursuant to Labor Code, section 221, Plaintiffs and members of the Sub-Class are entitled to recover from Defendants the full amount of the deducted wages, plus interest, plus reasonable attorneys' fees and costs of suit.

### Third Cause of Action
### Inaccurate Wage Statements, Cal. Lab. Code, §226
*(Plaintiffs Christensen, Currea, and Plaintiff Class against All Defendants)*

39. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

40. Labor Code, section 226(a) requires Defendants to itemize in wage statements all deductions from payment of wages and to report accurately total hours worked by Plaintiffs and members of the proposed Class. Defendants withheld costs for its products and services from Plaintiffs' and the Plaintiff Class Members' earnings; Defendants failed to accurately report all earned wages.

41. Defendants have knowingly and intentionally failed to comply with Labor Code, section 226(a) on each and every wage statement provided to Plaintiffs and members of the proposed Class.

42. Plaintiffs and Plaintiff Class members are entitled to attorneys fees, costs, pursuant to California Labor Code § 226 and prejudgment interest.

///
///
///
///
///

## Fourth Cause of Action
## Waiting Time Penalties, Cal. Lab. Code,§§201-203
*(Plaintiff Christensen and Plaintiff Class against All Defendants)*

43. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

44. Upon information and belief, some class members' employment with Defendants has been terminated. Defendants, however, retained unlawful deductions from Sub-Class wages and thus willfully failed to pay such class members all wages owed them within the time limits set forth in California Lab. Code §§ 201, and 202.

45. Under California Lab. Code §§ 201, 202 and 203, class members are entitled to waiting time penalties for Defendants' willful failure to timely pay all wages owed upon separation of their employment.

## Fifth Cause of Action
## Unfair Business Practices., Cal. B&P 17200
*(Plaintiff Christensen, Currea, and Plaintiff Class against All Defendants)*

46. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

47. Section 17200 of the California Business and Professions Code-California's Unfair Competition law, prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business practices in violation of section 17200, *et seq.*

48. The failure to reimburse Plaintiffs and the Plaintiff Class Members for all expenses reasonably and necessarily incurred in the performance of their job duties is an unlawful and unfair business practice within the meaning of California Business and Professions Code, sections 17200, et seq. The policy and practice to

deduct from Plaintiffs' and the Plaintiff Class Members' wage partial costs of Defendants' products and services violates Labor Code, section 221and is an unlawful and unfair business practice within the meaning of California Business and Professions Code, sections 17200, et seq.

49. This cause of action is brought under California Business and Professions Code, sections 17203and 17204, commonly called the Unfair Competition Law. Under this cause of action and pursuant to California Business and Professions Code, section 17208, Plaintiffs and the Plaintiff Class Members seek restitution of unreimbursed expenses and improper deductions from wages.

50. This cause of action is brought as a cumulative remedy as provided in California Business and Professions Code, section 17205, and is intended as an alternative remedy for restitution for Plaintiffs, each Plaintiff Class Member, and each Plaintiff Sub-Class Member for the time period, or any portion thereof, commencing within four (4) years prior to the filing of this Complaint.

51. As a result of Defendants' unlawful and unfair business practice of failng to pay reimbursement for expenditures and losses, and for unlawfully deductin costs of its products and services, each Plaintiff and Plaintiff Class Member, and Plaintiff Sub-Class member has suffered damages and is entitled to restitution in an amount according to proof.

52. Further, Plaintiffs request the violations of the Defendants alleged herein be enjoined, and other equitable relief as this Court deems proper, including an order to reimburse Plaintiffs and the Plaintiff Class Members for expenses or losses incurred, and for unlawful deductions.

## VII.
## PRAYER FOR RELIEF

1. WHEREFORE, Plaintiffs on behalf of themselves and all members of the proposed class, pray for relief as follows:

A. That the Court determines this action may be maintained as a class action under Federal Rules of Civil Procedure, Rule 23;

    a. That Defendants are found to have violated California. Labor Code, section 2802;

    b. That Defendants are found to have violated California Labor Code, section 221;

    c. An award to Plaintiffs and the class for the amount of all unreimbursed expenses, unpaid wages and compensation owed, including interest thereon, and penalties subject to proof at trial;

    d. An award of penalties to Plaintiffs and the Class for Defendants' violation of California Labor Code, section 226.

    e. That Defendants are found to have violated §§ 201, 202, and 203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to Plaintiffs and the class and for penalties not to exceed 30 days of wages;

    f. That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the 17200 class due to Defendants' unlawful activities, pursuant to California Business and Professions Code § 17200;

    g. That Defendants further be enjoined to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200;

    h. For leave to amend this complaint to add additional state law claims, should it be necessary;

i. For interest on any compensatory and punitive damages;

j. For statutory penalties and attorneys' fees;

k. Restitution; and

l. For such other further relief, in law or equity, as this Court may deem appropriate and just.

Dated: September 20, 2013  **OLSEN LAW OFFICES, APC**
Attorneys for Plaintiffs


 /s/Christopher A. Olsen_____
Christopher A. Olsen, Esq.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for themselves and all others similarly situated on all claims so triable.


Dated:  September 20, 2013  **OLSEN LAW OFFICES, APC**
Attorneys for Plaintiffs


/s/Christopher A. Olsen_____
Christopher A. Olsen