1

2

3

4

5

6

7

8

9

10

11

12

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

LAWRENCE DANIEL CHRISTENSEN and
GEORGE CURREA, on behalf of themselves
and all others similarly-situated,

Plaintiffs,

v.

HILLYARD, INC.,

Defendant.

Case No. 13-cv-04389 NC

**ORDER DENYING PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT**

Re: Dkt. No. 21

Before the Court is plaintiffs' motion to preliminarily approve the class action

settlement with defendant Hillyard, Inc., to certify the class for purposes of settlement, and

to approve class notice.  The Court finds that the proposed form of class notice is deficient

because it fails to inform class members that they may enter an appearance through an

attorney.  In addition, because the Court is unable to assess the fairness of the release of

claims for the class members, the Court denies preliminary approval without prejudice.

Because the Court denies preliminary approval of the settlement, the Court declines to

assess whether conditional certification of the class is appropriate.

# I. BACKGROUND

## A. Plaintiffs' Allegations

This putative class action arises out of defendant's alleged failure to reimburse sales employees for work-related expenses incurred during demonstrations of products. Dkt. No. 1 at ¶ 1. Plaintiffs allege that they were required to travel to diverse geographic areas to demonstrate defendant's products and services. *Id.* Plaintiffs allege that defendant required class members to partially cover the cost of the products used for the demonstrations, in violation of California law. *Id.* Plaintiffs also allege that defendant required class members to "purchase laptop computers, cell-phones, iPads, and even [] corporate uniform shirts" and that defendant did not reimburse any of these costs, in violation of California law. *Id.*

Plaintiffs' proposed class includes employees who sold defendant's products in California who either "incurred expenditures or losses as a direct result of their employment with [defendant] but were not reimbursed for those expenditures or losses" or who "had costs of [defendant's] products deducted from their wages." *Id.* at ¶ 2. There are approximately forty-two members of the purported class for settlement purposes. Dkt. No. 21-1 at 6.

## B. Procedural History

On September 20, 2013, plaintiffs filed a putative class action against Hillyard, Inc. Dkt. No. 1. The complaint brought claims for failure to reimburse expenses under California Labor Code §2802, unlawful deductions under California Labor Code §221, inaccurate wage statements under California Labor Code §226, waiting time penalties under California Labor Code §§201-203, and a claim for unfair business practices under California Business and Professions Code § 17200. Defendant answered the complaint on November 7, 2013. Dkt. No. 14.

The parties engaged in private mediation on March 6, 2013. Dkt. No. 21-1 at 5. After a full day of mediation, the parties reached a settlement and later executed a formal settlement agreement. *Id.*

On May 7, 2014, plaintiffs moved for preliminary approval of the class action

settlement . Dkt. No. 21.  The Court held a hearing on June 11, 2014.  Dkt. No. 23.  No objectors have thus far raised an objection to the proposed settlement.

Plaintiffs and defendant have consented to the jurisdiction of a magistrate judge.  Dkt. No. 16.

**C.    Overview of the Settlement Agreement**

Following an all-day mediation session on March 6, 2013, the parties reached a settlement.  Dkt. Nos. 20, 21-1 at 5.  The key provisions of the settlement agreement are as follows:

**1.    Class Definition**

The settlement agreement defines the class as "all employees of Defendant employed in a Covered Position at any time during the period from September 20, 2009 through the Date of Preliminary Approval."  Dkt. No. 21-3 at 2.  "Covered Positions" means "the positions in which the Named Plaintiffs were employed by Defendant at any time during the relevant Class Period, including outside sales representative."  *Id.* at 3.

**2.    Payment to the Settlement Class**

Under the settlement, defendant will pay a gross amount of $750,000 "plus the employer's share of withholding taxes on that portion of the Net Settlement Amount allocated to wages."  *Id.* at 6.  The net benefit to be paid to the class will be $750,000, less (1) any enhancement award paid to lead plaintiffs; (2) any fee and expense award paid to class counsel, and (3) payment to the settlement administrator.  *Id.* at 4.  The net settlement amount is estimated to be $474,750.  *Id.* at 7.

Under the agreement, each of the approximately forty-two class members who submit complete and timely claim forms will receive a portion of the net settlement amount based on "(a) the individual Class Member's total number of work weeks in a covered position (b) divided by the aggregate number of work weeks for all members of the classes (with the division rounded to four decimal places) (c) multiplied by the value of the Net Settlement Amount."  *Id.*  The class members can expect to receive $75, less taxes, for each week worked during the class period, depending on when the Court grants preliminary approval

and the amount of attorney's fees and plaintiffs' enhancement awards. *Id.* at 7-8.

Five percent of each settlement payment is "intended to settle each authorize [sic] claimant's claims for unpaid wages [and thus] will be reduced by applicable payroll tax withholdings and deductions." *Id.* at 8.  Defendant will pay its share of payroll taxes for this portion of the settlement in addition to the gross settlement amount.  *Id.*

### 3.    Enhancement Award and Attorneys' Fees and Costs

The settlement agreement provides for a $5,000.00 enhancement to be paid to named plaintiffs, Lawrence Christensen and George Currea, and that defendant will not object to the awards. *Id.* at 9.  In addition, under the agreement, plaintiffs' counsel intends to ask the Court to award attorneys' fees and costs "of not more than $249,750.00 or rather 33.3% of the [gross settlement] for Class Counsel fees and total award of an estimated $7,000.00 for Class Counsel's litigation expenses." *Id.* at 9.  Under the agreement, defendant will not object to this request for fees and costs.  *Id.*

### 4.    Release of Claims

The settlement agreement provides for a broad release of the named plaintiffs' claims against defendant. *Id.* at 17-19.  Although the settlement agreement references "section III.8.2" as including additional releases for the general class, that section is not included in the settlement agreement. *Id.* at 17.  Additionally, although the proposed notice contains a general release of claims on behalf of class members, the Court is unable to find that general release in the settlement agreement. *Id.* at 32-33.

### 5.    Class Notice

The parties propose that CPT Group, Inc. administer direct notice to the class.  Dkt. *Id.* at 10.  Defendant agrees to provide the settlement administrator with a list of all class members, including the class members' names, last known mailing addresses and telephone numbers, dates of employment, number of work weeks during the class period, and social security numbers. *Id*. at 11.

The settlement agreement states that the settlement administrator will send notice to the class members via first-class mail. *Id.*  If a notice is returned because of an incorrect

1  address, the settlement administrator will search for a current address using the National

2  Change of Address Data Base, and will re-mail the notice if a new address is found. *Id.* at

3  12. The settlement administrator will provide counsel with a declaration of

4  compliance affirming that it has completed the tasks assigned to it by the Court and

5  under the agreement. *Id*. Class members will be afforded forty-five days to elect to

6  opt out from the settlement or to file an objection. *Id.* at 13-14. If more than five

7  class members object to the settlement, defendant may exercise an option to declare

8  the agreement void. *Id.* at 6.

### III. DISCUSSION

**A.  Preliminary Approval of the Settlement**

Federal Rule of Civil Procedure 23(e) requires judicial approval of any settlement by a certified class. Although there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998), "[t]he purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights," *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Accordingly, a settlement should only be approved if it is "fundamentally fair, adequate, and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (internal quotation marks omitted). In determining whether the proposed settlement meets this standard, the Court does not have the ability "to delete, modify, or substitute certain provisions . . . . The settlement must stand or fall in its entirety." *Id*. Due to the dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court designated class representative, settlement approval that takes place prior to formal class certification requires a higher standard of fairness. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

"The Court may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential

1   treatment to class representatives or segments of the class; and (4) falls within the range of

2   possible approval." *Harris v. Vector Mktg. Corp.*, No. 08-cv-05198 EMC, 2011 WL

3   1627973, at *7 (N.D. Cal. Apr. 29, 2011); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d

4   1078, 1079 (N.D. Cal. 2007).  The Court reviews each of the preliminary approval factors

5   in turn.

6         **1.**      **The Settlement Process**

7         The Court first considers the means by which the parties reached their settlement.

8   Here, the settlement was reached after counsel conducted extensive investigation into the

9   facts of this case, which included the review of pay records and interviews with class

10   members.  Settlement negotiations occurred at arm's length with the assistance of a

11   mediator experienced in wage and hour class actions.  The settlement thus appears to be the

12   product of serious, informed, non-collusive negotiations.  Accordingly, the process by

13   which the parties reached their settlement weighs in favor of preliminary approval.

14         **2.**      **The Presence of Obvious Deficiencies**

15         The Court finds the settlement agreement to suffer from two obvious deficiencies:

16   first, the settlement agreement appears to be binding only on named plaintiffs and

17   defendant, rather than binding named plaintiffs on behalf of the putative class.  Dkt. No. 21-

18   3 at 2 ("this Settlement Agreement is between Lawrence Christensen, George Currea

19   (collectively "Plaintiffs"), and Hillyard, Inc. ("Defendant")"); second, the settlement

20   agreement includes a release of claims for named plaintiffs, and references a release of

21   claims for all class members, but does not include the terms of that general release for class

22   members. *See* Dkt. No. 21-3 at 17 (referencing "section III.8.2" as including additional

23   releases for the class).  Although the class notice includes a general release for class

24   members, the Court is unable to locate that general release within the settlement agreement.

25   Without this information, the Court cannot assess whether the release, and thus the

26   settlement as a whole, is fair and reasonable.  Accordingly, the Court denies preliminary

27   approval of the proposed settlement but grants leave to file a new motion for preliminary

28   approval if the parties reach a settlement agreement that cures this deficiency.

Case No. 13-cv-04389 NC
ORDER DENYING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT

1

### 3.     Preferential Treatment

2     The third factor the Court considers is whether the settlement agreement provides

3     preferential treatment to any class member.  Here, the net settlement award is to be paid out

4     to each class member based on the number of weeks worked in the class period.  The

5     settlement agreement does allow named plaintiffs to request an incentive award of $5,000

6     each to compensate them for the time spent and risk assumed in prosecuting this case.  But

7     these incentive awards to plaintiffs, should the Court finally approve them, do not render

8     the settlement unfair, since "the Ninth Circuit has recognized that service awards to named

9     plaintiffs in a class action are permissible and do not render a settlement unfair or

10    unreasonable." *Harris*, 2011 WL 1627973, at *9.  The Court finds no other indication of

11    unfair treatment to certain members of the class, and therefore this factor supports

12    preliminary approval.

13

### 4.     Whether the Settlement Falls Within the Range of Possible Approval

14    Finally, the Court must determine whether the proposed settlement falls within the

15    range of possible approval.  "To evaluate the range of possible approval criterion, which

16    focuses on substantive fairness and adequacy, courts primarily consider plaintiffs' expected

17    recovery balanced against the value of the settlement offer." *Id*.  To determine whether an

18    agreement is fundamentally fair, adequate, and reasonable, the Court may preview the

19    factors that ultimately inform final approval: "[1] the strength of plaintiffs' case; [2] the

20    risk, expense, complexity, and likely duration of further litigation; [3] the risk of

21    maintaining class action status throughout the trial; [4] the amount offered in settlement; [5]

22    the extent of discovery completed, and the stage of the proceedings; [6] the experience and

23    views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the

24    class members to the proposed settlement." *Id.*  (citing *Churchill Village v. Gen. Elec.*, 361

25    F.3d 566, 575 (9th Cir. 2004)).

26    The terms of the settlement provide for a fair amount of recovery for the class

27    members, with individualized calculations based on the number of weeks worked during the

28    class period.  The plaintiffs faced a significant amount of uncertainty if they were to go

forward with this litigation due to the disputed nature of the legal issues in this case, namely whether plaintiffs' claimed unreimbursed expenses were actually reimbursed through commission compensation.  Dkt. No. 21-1 at 18.  Given these risks, the amount of settlement represents a significant recovery for class members.  Plaintiffs estimated that Hillyard faced potential liability of roughly $1,886,566.12.  *Id.*  Thus the gross settlement amount of $750,000 reflects a recovery for class members equal to approximately forty percent of plaintiffs' estimated maximum recovery, which is within the range of fair recoveries.  *See Hopson v. Hanesbrands Inc.,* No. 08-cv-0844 EDL, 2008 WL 3385452, at *3 (N.D. Cal. Aug. 8, 2008) (preliminarily approving settlement where class members would recover thirty-nine percent of estimated maximum potential recovery).

But as discussed, because the settlement agreement lacks a general release for class members and appears to not bind the class, the Court denies preliminary approval.

**B.    Notice**

The notice to be delivered to class members includes the information required by Rule 23 of the Federal Rules of Civil Procedure, except for one omission.  Although the class notice describes the nature of the action, the definition of the class, the class-wide claims, the time requirements and manner of requesting exclusion, as well as the binding effect of a class-wide judgment, the notice fails to explain that class members may enter an appearance through an attorney.  Fed. R. Civ. P. 23(c)(2)(B) (stating that "[t]he notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)").  If the parties amend the proposed notice to cure this defect, the proposed notice will meet the requirements of Rule 23.

**C.    Conditional Certification of Class for Settlement**

Because the Court is denying preliminary approval of the settlement, the Court

Case No. 13-cv-04389 NC
ORDER DENYING PRELIMINARY                    8
APPROVAL OF CLASS SETTLEMENT

declines to decide at this time whether conditional certification of the class for settlement purposes is appropriate.

## IV. CONCLUSION

The Court denies preliminary approval of the proposed settlement agreement, but grants leave to re-file for preliminary approval should the parties reach a settlement agreement that cures the deficiencies identified in this order.  The Court also denies adopting the proposed notice to the class as that notice fails to inform class members that they may enter an appearance through an attorney.

IT IS SO ORDERED.

Date:  July 10, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge