1

2

3

4

5

6

7         UNITED STATES DISTRICT COURT

8         NORTHERN DISTRICT OF CALIFORNIA

9         SAN FRANCISCO DIVISION

10

11   LAWRENCE DANIEL CHRISTENSEN and          Case No. 13-cv-04389 NC
     GEORGE CURREA, on behalf of themselves
     and all others similarly-situated,

12                                            **ORDER DENYING PRELIMINARY**
                                              **APPROVAL OF CLASS ACTION**
13              Plaintiffs,                   **SETTLEMENT**

         v.                                   Re: Dkt. No. 27
14

15   HILLYARD, INC.,

16              Defendant.

17

18        Before the Court is plaintiffs' second motion to preliminarily approve the class

19   action settlement with defendant Hillyard, Inc., to certify the class for purposes of

20   settlement, and to approve class notice.  Because the release of class claims is overly broad,

21   the Court denies plaintiffs' second motion for preliminary approval of the class action

22   settlement.  The Court finds that the amended proposed class notice complies with the

23   requirements of Federal Rule of Civil Procedure 23, and therefore the Court approves the

24   amended proposed class notice.  Because the Court denies preliminary approval of the

25   settlement, the Court declines to assess whether conditional certification of the class is

26   appropriate.

27

28

# I. BACKGROUND

## A.   Plaintiffs' Allegations

This putative class action arises out of defendant's alleged failure to reimburse sales employees for work-related expenses incurred during demonstrations of products.  Dkt. No. 1 at ¶ 1.  Plaintiffs allege that they were required to travel to diverse geographic areas to demonstrate defendant's products and services.  *Id*.  Plaintiffs allege that defendant required class members to partially cover the cost of the products used for the demonstrations, in violation of California law.  *Id*.  Plaintiffs also allege that defendant required class members to "purchase laptop computers, cell-phones, iPads, and even [] corporate uniform shirts" and that defendant did not reimburse any of these costs, in violation of California law.  *Id.*

Plaintiffs' proposed class includes employees who sold defendant's products in California who either "incurred expenditures or losses as a direct result of their employment with [defendant] but were not reimbursed for those expenditures or losses" or who "had costs of [defendant's] products deducted from their wages."  *Id.* at ¶ 2.  There are approximately forty-two members of the purported class for settlement purposes.  Dkt. No. 21-1 at 6.

## B.   Procedural History

On September 20, 2013, plaintiffs filed a putative class action against Hillyard, Inc. Dkt. No. 1.  The complaint brought claims for failure to reimburse expenses under California Labor Code § 2802, unlawful deductions under California Labor Code § 221, inaccurate wage statements under California Labor Code § 226, waiting time penalties under California Labor Code §§ 201-203, and a claim for unfair business practices under California Business and Professions Code § 17200.  Defendant answered the complaint on November 7, 2013.  Dkt. No. 14.

The parties engaged in private mediation on March 6, 2013.  Dkt. No. 21-1 at 5. After a full day of mediation, the parties reached a settlement and later executed a formal settlement agreement.  *Id.*

On May 7, 2014, plaintiffs moved for preliminary approval of the class action

settlement. Dkt. No. 21. The Court held a hearing on June 11, 2014. Dkt. No. 23. The Court denied preliminary approval of the settlement agreement because the Court could not assess the fairness of the release of the class members' claims, which was referenced in the class notice but not included in the settlement agreement submitted to the Court. Dkt. No. 26. Plaintiffs filed a second motion for preliminary approval of an amended settlement agreement on July 17, 2014. Dkt. No. 27. No objectors have thus far raised an objection to the first or second proposed settlement.

Plaintiffs and defendant have consented to the jurisdiction of a magistrate judge. Dkt. No. 16.

**C.    Overview of the Settlement Agreement**

Following an all-day mediation session on March 6, 2013, the parties reached a settlement. Dkt. Nos. 20, 21-1 at 5. On July 16, 2014, the parties reached an amended settlement agreement. Dkt. No. 27-2 at ¶ 18. The key provisions of the amended settlement agreement are as follows:

**1.    Class Definition**

The settlement agreement defines the class as "all employees of Defendant employed in a Covered Position at any time during the period from September 20, 2009 through the Date of Preliminary Approval." Dkt. No. 27-3 at 2. "Covered Positions" means "the positions in which the Named Plaintiffs were employed by Defendant at any time during the relevant Class Period, including outside sales representative." *Id.* at 3.

**2.    Payment to the Settlement Class**

Under the settlement, defendant will pay a gross amount of $750,000 "plus the employer's share of withholding taxes on that portion of the Net Settlement Amount allocated to wages." *Id.* at 7. The net benefit to be paid to the class will be $750,000, less (1) any enhancement award paid to lead plaintiffs; (2) any fee and expense award paid to class counsel, and (3) payment to the settlement administrator. *Id.* at 4. The net settlement amount is estimated to be $474,750. *Id.* at 7.

Under the agreement, each of the approximately forty-two class members who submit

complete and timely claim forms will receive a portion of the net settlement amount based on "(a) the individual Class Member's total number of work weeks in a covered position (b) divided by the aggregate number of work weeks for all members of the classes (with the division rounded to four decimal places) (c) multiplied by the value of the Net Settlement Amount." *Id.* The class members can expect to receive $75, less taxes, for each week worked during the class period, depending on when the Court grants preliminary approval and the amount of attorney's fees and plaintiffs' enhancement awards. *Id.* at 7-8.

Five percent of each settlement payment is "intended to settle each authorize [sic] claimant's claims for unpaid wages [and thus] will be reduced by applicable payroll tax withholdings and deductions." *Id.* at 8. Defendant will pay its share of payroll taxes for this portion of the settlement in addition to the gross settlement amount. *Id.*

### 3.   Enhancement Award and Attorneys' Fees and Costs

The settlement agreement provides for a $5,000.00 enhancement to be paid to named plaintiffs, Lawrence Christensen and George Currea, and that defendant will not object to the awards. *Id.* at 9. In addition, under the agreement, plaintiffs' counsel intends to ask the Court to award attorneys' fees and costs "of not more than $249,750.00 or rather 33.3% of the [gross settlement] for Class Counsel fees and total award of an estimated $7,000.00 for Class Counsel's litigation expenses." *Id.* at 9. Under the agreement, defendant will not object to this request for fees and costs. *Id.*

### 4.   Release of Claims

The settlement agreement provides for a broad release of the named plaintiffs' claims against defendant. *Id.* at 17-19. In addition, the agreement requires that class members release "any and all applicable California state law and federal law claims . . . which were or could have been reasonably asserted in the Litigation" including "any and all claims for failure to reimburse work-related expenses" and "any and all claims for unlawful deductions from wages." Dkt. No. 27-3 at 19.

### 5.   Class Notice

The parties propose that CPT Group, Inc. administer direct notice to the class. *Id.* at

10. Defendant agrees to provide the settlement administrator with a list of all class members, including the class members' names, last known mailing addresses and telephone numbers, dates of employment, number of work weeks during the class period, and social security numbers. *Id*. at 11.

The settlement agreement states that the settlement administrator will send notice to the class members via first-class mail. *Id*. If a notice is returned because of an incorrect address, the settlement administrator will search for a current address using the National Change of Address Data Base, and will re-mail the notice if a new address is found. *Id.* at 12. The settlement administrator will provide counsel with a declaration of compliance affirming that it has completed the tasks assigned to it by the Court and under the agreement. *Id*. Class members will be afforded forty-five days to elect to opt out from the settlement or to file an objection. *Id.* at 13-14. If more than five class members object to the settlement, defendant may exercise an option to declare the agreement void. *Id.* at 6.

## II. DISCUSSION

### A.    Preliminary Approval of the Settlement

Federal Rule of Civil Procedure 23(e) requires judicial approval of any settlement by a certified class. Although there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998), "[t]he purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights," *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Accordingly, a settlement should only be approved if it is "fundamentally fair, adequate, and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (internal quotation marks omitted). In determining whether the proposed settlement meets this standard, the Court does not have the ability "to delete, modify, or substitute certain provisions . . . . The settlement must stand or fall in its entirety." *Id*. Due to the dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court designated class representative, settlement approval

1   that takes place prior to formal class certification requires a higher standard of fairness.

2   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

3       "The Court may grant preliminary approval of a settlement and direct notice to the

4   class if the settlement: (1) appears to be the product of serious, informed, non-collusive

5   negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential

6   treatment to class representatives or segments of the class; and (4) falls within the range of

7   possible approval." *Harris v. Vector Mktg. Corp.*, No. 08-cv-05198 EMC, 2011 WL

8   1627973, at *7 (N.D. Cal. Apr. 29, 2011); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d

9   1078, 1079 (N.D. Cal. 2007).  The Court previously discussed the settlement process,

10  preferential treatment, and the expected class recovery, and found that those factors

11  weighed in favor of settlement approval.  Dkt. No. 26.  Therefore, the Court now discusses

12  only the presence of obvious deficiencies.

13      The Court finds that the settlement agreement suffers from an obvious deficiency in

14  that it includes a release of class claims that is overly broad.  The settlement agreement

15  requires that class members release, among other things, "any and all applicable California

16  state law and federal law claims . . . which were or could have been reasonably asserted in

17  the Litigation" including "any and all claims for failure to reimburse work-related

18  expenses" and "any and all claims for unlawful deductions from wages."  Dkt. No. 27-3 at

19  19.  The Court cannot approve such a broad release of claims because it does not "directly

20  track the allegations in the complaint." *Custom LED, LLC v. eBay, Inc*, No. 12-cv-00350

21  JST, 2013 WL 6114379, at *7 (N.D. Cal. Nov. 20, 2013) (citing *Hesse v. Sprint Corp.*, 598

22  F.3d 581, 590 (9th Cir. 2010) ("A settlement agreement may preclude a party from bringing

23  a related claim in the future even though the claim was not presented and might not have

24  been presentable in the class action, but *only where* the released claim is based on the

25  identical factual predicate as that underlying the claims in the settled class action.")

26  (citations and internal quotation marks omitted) (emphasis added)).  The settlement

27  agreement does not limit released claims to those arising out of the facts alleged in the

28  complaint, but instead is broad enough to encompass claims for failure to reimburse

Case No. 13-cv-04389 NC
ORDER DENYING PRELIMINARY                    6
APPROVAL OF CLASS SETTLEMENT

png

expenses or unlawful deductions wholly unrelated to those at issue in this litigation.  The

Court therefore denies preliminary approval of the settlement agreement based on this broad

release of class members' claims.  *See also McKeen-Chaplin v. Franklin Am. Mortgage

Co.*, No. 10-cv-05243 SBA, 2012 WL 6629608 (N.D. Cal. Dec. 19, 2012) (denying

preliminary approval where release provision would release claims unrelated to facts in the

complaint).

**B.    Notice**

The Court previously found that the proposed class notice was deficient because it did

not inform class members that they could enter an appearance through an attorney, as

required by Federal Rule of Civil Procedure 23(c)(2)(B).  Dkt. No. 26 at 8.  The Court finds

that the amended proposed class notice cures this deficiency, Dkt. No. 27-3 at 34, and in all

other ways complies with the requirements of the Federal Rules.  The Court therefore

approves the proposed class notice.

**C.    Conditional Certification of Class for Settlement**

Because the Court denies preliminary approval of the settlement, the Court declines to

decide at this time whether conditional certification of the class for settlement purposes is

appropriate.

### III. CONCLUSION

The Court denies preliminary approval of the proposed settlement agreement, but

grants leave to move again for preliminary approval should the parties reach a settlement

agreement that cures the deficiency identified in this order.  The Court will set a case

management conference if it does not receive a renewed motion for preliminary approval of

an amended class action settlement by August 31, 2014.

IT IS SO ORDERED.

Date:  July 30, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge