# Exhibit 1

<u>Settlement Agreement</u>

Christensen, et al. v. Hillyard, Inc.
U.S. Dist. Court, N.D. Cal., Case No. 13-cv-04389 NC
Magistrate Judge Nathanael Cousins

**Settlement Agreement**

Subject to final approval by the Court, this Settlement Agreement ("Agreement") is between Lawrence Christensen, George Currea, and all others similarly situated (collectively "Plaintiffs"), and Hillyard, Inc. ("Defendant"). Plaintiffs and Defendant are referred to as the "Parties."

I.   **DEFINITIONS**

A.  **"Action"** means the lawsuit filed on September 20, 2013 entitled Lawrence Daniel Christensen and George Currea As Individuals and On Behalf Of All Similarly Situated Employees, Plaintiffs, v. Hillyard, Inc. and Does 1 through 10, inclusive, United States District Court, Northern District of California, case number: 13-cv-04389 NC.

B.  **"Administration Costs"** means all costs incurred by a settlement administrator to administer the claims process in the Action.

C.  **"Agreement"** means this settlement agreement.

D.  **"Authorized Claimant"** means any Class Member who has returned a dated, signed, and timely postmarked claim form and who has not elected to be excluded from the Settlement.  Each Named Plaintiff is an Authorized Claimant.

E.  **"Class"** or **"Class Member"** means all employees of Defendant employed in a Covered Position at any time during the period from September 20, 2009 through the Date of Preliminary Approval.

F.  **"Class Counsel"** or **"Plaintiffs' Attorneys"** means Christopher A. Olsen of Olsen Law Offices, APC, 1010 Second Ave., Ste. 1835, San Diego, CA 92101.

G.  **"Class Counsel Fee Payments"** and **"Class Counsel Litigation Expenses Payments"** mean the amount awarded to Class Counsel to compensate them for their fees and expenses, including their pre-filing investigation, their filing of the Action, and all related litigation activities, this Settlement, and all post-Settlement compliance procedures.

H.  **"Class List"** means the list of Class Members that Defendant will diligently and in good faith compile from its records and provide to the Settlement Administrator. The Class List will be formatted as Microsoft Excel spreadsheet and will include the following for each Class Member: full name, last known address and telephone number to the extent available in Defendant's business records; social security number; dates of employment; identification of the Covered Positions worked during the relevant Class Period; and any other information the Parties agree is necessary to calculate each Class Member's Settlement Payment.

I. "**Class Period**" means the period of time from September 20, 2009 through September 30, 2014.

J. "**Claim Form**" means the form for use by all Class Members who wish to participate in the Settlement to receive their respective shares of the Settlement proceeds and to consent to all releases of claims described in the class released claims, in a form substantially similar to Exhibit B, attached hereto and incorporated by this reference.

K. "**Class Released Claims**" or "**Released Claims**" means any and all actions, causes of action, grievances, obligations, costs, expenses, damages, losses, claims, liabilities, suits, debts, demands (including attorneys' fees and costs actually incurred), of whatever character, in law or in equity, known or unknown, asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation, including state or federal wage and hour laws, whether for economic damages, noneconomic damages, restitution, penalties, or liquidated damages arising out of or relating to the claims and facts asserted in this Action.

L. "**Class Representatives**" or "**Named Plaintiffs**" means Lawrence D. Christensen and George E. Currea.

M. "**Class Representative Payment**" means the special payments made to the Class Representatives, in addition to their Settlement Payments pursuant to the terms of the Settlement, to compensate them for initiating the Action performing work in support of the Action and undertaking the risk of liability for attorneys' fees and expenses in the event they were unsuccessful in the prosecution of the Action.

N. "**Complaint**" refers to plaintiffs' putative class action complaint against defendants filed on September 20, 2013 in the United States District Court, Northern District of California, case number: 13-cv-04389 NC.

O. "**Covered Positions**" means the positions in which the Named Plaintiffs were employed by Defendant at any time during the relevant Class Period, including outside sales representative.

P. "**Defendant**" means Hillyard, Inc.

Q. "**Defendant's Counsel**" means Lisa Barnett Sween and Natalja M. Fulton of Lewis Brisbois Bisgaard & Smith LLP, 333 Bush Street, Ste. 1100, San Francisco, CA 94104, and Tracy Wei Costantino of Lewis Brisbois Bisgaard & Smith LLP, 221 North Figueroa Street, Ste. 1200, Los Angeles, CA 90012.

R. "**Effective Final Settlement Date**" means the earliest of the following events:

      i.  The entry of the final approval order if there are no objections filed by any class member;

    ii.  the expiration of the time for filing an appeal if there are any objections filed by any class member;

   iii.  the conclusion of any appeal taken if there are any objections filed by any class member; or

   iv.  the withdrawal of the last objection to the settlement.

Notwithstanding the foregoing, any proceeding, order, or appeal pertaining solely to the payment of attorneys' fees or costs will not, by itself, in any way delay or preclude the Effective Final Settlement Date.

S.  **"Final Approval Hearing"** means the hearing by the Court to determine whether to give final approval to and implement the terms of this Agreement.

T.  **"Gross Settlement Amount"** or **"GSA"** means the maximum amount of Seven Hundred Fifty Thousand dollars ($750,000.00), plus the employer's share of withholding taxes on that portion of the Net Settlement Amount allocated to wages--that Defendant can be obligated to pay under this Agreement. The GSA is non-reversionary with no portion reverting to Defendant.

U.  **"Net Settlement Amount"** or **"NSA"** means the gross settlement amount, minus (i) the Court approved Class Representative Payments; (ii) the Court-approved Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment; (iii) the Court-approved Settlement Administrator's fees and expenses; and (iv) any other documented fees or expenses (other than attorneys' fees and expenses) incurred in implementing the terms and conditions of this Agreement.

V.  **"Notice of Class Action Settlement"** or **"Class Notice"** means the Notice of Class Action Settlement, Your Rights, and Options to Consider, to be sent to all Class Members to inform them of the Action, the proposed Settlement and instructions to file a Claim, comment and/or Object to the Settlement substantially similar to the form attached as **Exhibit A** and incorporated herein by reference to this Agreement.

W.  **"Notice Packet"** means collectively the (1) Class Notice; (2) Claim Form; and (3) pre-printed, postage paid return envelope to be mailed to all Class Members.

X.  **"Preliminary Approval of the Settlement"** means the Court's preliminary approval of the Settlement.

Y.  **"Preliminary Approval and Provisional Certification Order"** means an order evidencing preliminary court approval of the Settlement.

Z.  **"Releases"** or **"Released Parties"** means Hillyard, Inc. and its parent companies, subsidiaries (whether partial or full), partners, affiliates, and divisions, and all of their respective employees, officers, directors, agents, owners (whether stockholders, partners or members), managers, attorneys, auditors, accountants, insurers, indemnitors, representatives, predecessors, successors, assigns, company-sponsored employee benefits plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees, and agents.

AA.  **"Settlements"** or **"Settlement Agreement"** means the disposition of the action and all related claims effectuated by this Agreement.

BB.  **"Settlement Administrator"** or **"Claims Administrator"** means CPT Group, Inc., a third party administrator that has been agreed to by the Parties to administer the Settlement.

CC.  **"Settlement Payment"** means the amount payable to each authorized claimant under the terms of this Settlement Agreement.

DD.  **"Work Weeks"** means the number of days in between the first date of employment in the last date of employment during the relevant class period that each Class Member was employed by Defendant in a Covered Position, divided by seven and rounded to four decimal places. Work Weeks will not include weeks when the Class Member was on a leave of absence, was not working in a Covered Position, was receiving severance payments, or otherwise not actively employed by Defendant.

## II.  RECITALS

A.  On September 20, 2013, Plaintiffs filed a Complaint and alleged that they are current and former employees of Defendant and were denied full reimbursement of expenses incurred during the course of their work duties and suffered unlawful deductions from pay. The Complaint alleged five causes of action under California law: 1) Failure to Reimburse Expenses, Cal. Lab. Code, §2802; 2) Unlawful Deductions, Cal. Lab. Code §221; 3) Inaccurate Wage Statements, Cal. Lab. Code §226; 4) Waiting Time Penalties, Cal. Lab. Code §§201-203; and 5) Unfair Business Practices, Cal. B&P Code §§17200, et seq.

B.  Defendants timely answered the Action by generally and specifically denying all material allegations that Plaintiffs had been damaged and are entitled to relief.

C.  Between the filing of the case and March 6, 2014, the Parties agreed to explore mediation and engaged in substantial investigation and informal discovery in connection with the Action. Defendant provided extensive documentation (approximately 4,000 pages) consisting of corporate commission statements, which indicated the gross commission payments and deductions, as well as

paystubs for every putative class member and for every pay period during the Class Period. Plaintiffs' counsel was also able to interview approximately a dozen putative class members, which equals approximately 30% of the putative class.

D. On March 6, 2014 the parties attended mediation before Steven Pearl, Esq. at ADR Services, Inc., located at 515 Wilshire Blvd., Ste 1900, Los Angeles, California. During mediation, each side, represented by its respective counsel, recognized the substantial risk of an adverse result and agreed to settle the action. Thus, after a full day of mediation, the parties executed a memorandum of understanding outline the basic terms of the settlement.

E. Defendant contends that it has complied with all applicable laws, including, but not limited to, those relating to expense reimbursement, unlawful deductions, itemized wage statement provisions, and the timeliness of payment for terminated employees. Defendant disputes all material allegations and all claims for damages and other relief made by Plaintiffs in the complaint or otherwise asserted during the course of the action. Defendant does not waive, and in fact expressly reserves, all rights to challenge all such claims and allegations upon all procedural and factual grounds including the assertion of any and all defenses, if for any reason the settlement is not granted final approval, or if the effective final settlement date does not occur.

F. The Parties desire to settle, fully and finally, all claims Plaintiffs and the Class might have had against Defendant individually, including but not limited to those claims arising out of or relating to Plaintiffs' employment with Defendant and the termination thereof, and including, but not limited to, those claims that have been or could have been asserted in the action and those claims that could have been asserted in any other claim or complaint in any other forum. The Parties further desire to settle all claims on behalf of the classes Plaintiffs seek to represent.

G. For purposes of this Settlement, the Parties stipulate to conditional certification of the Class. If the Court does not grant either preliminary approval or final approval of the settlement, or if a grant of preliminary or final approval is ultimately overturned on appeal, or if Defendant elected to exercise its option to declare the agreement void based on objections by more than 5 Class Members, then the Parties' stipulation on class certification will be void and of no further force or effect.

H. Based on the above recitals, the Parties agree as follows:

## III.   SETTLEMENT TERMS AND CONDITIONS

A. **Gross Settlement Amount**. Subject to the terms and conditions of this Agreement, the Maximum Gross Settlement amount that Defendant shall be obligated to pay under the Settlement Agreement is Seven Hundred Fifty

Thousand Dollars ($750,000.00) plus the employer's share of withholding taxes on that portion of the Net Settlement Amount allocated to wages.

B. **Number of Work Weeks**. Based on a review of Defendant's business and personnel records Defendant has certified that the total number of Work Weeks in the Class Period up to the date of the mediation, March 6, 2014, is 5,910.57.

C. **No Contribution to Employee Benefit Plans**. None of the amounts paid under this Agreement constitutes compensation under any "Employee Benefit Plan" as defined by section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs and Class Members waive any and all claims for additional contributions to and/or benefits under any Employee Benefit Plan maintained or sponsored by Defendant based on any amount paid under this Agreement; and release any claim for employee benefits, including any claim arising under ERISA arising out of, or related to, the amounts paid under this Agreement.

Defendants will not use the settlement payments to Authorize Claimants to calculate eligibility for, or calculation of, any employee benefits (e.g. vacation, pay, retirement plans, etc.) of the Named Plaintiffs or Authorized Claimants, and Defendant will not modify the Authorized Claimants' or Named Plaintiffs' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare plan sponsor by Defendant.

D. **Settlement Payment**. Subject to the terms and conditions of this Agreement, the Settlement Administrator will pay a Settlement Payment from the Net Settlement Amount to Authorized Claimants, i.e., Class Members who return dated, signed and timely postmarked Claim Forms on the following basis:

    i. **Calculation and Estimated Work Week Pay Rate**

        a. **Class Member Settlement Payment Calculation**. The Net Settlement Amount shall be allocated for distribution to all Class Members. The amount allocated for each individual Class Member will be based on (a) the individual Class Member's total number of work weeks in a covered position (b) divided by the aggregate number of work weeks for all members of the classes (with the division rounded to four decimal places) (c) multiplied by the value of the Net Settlement Amount.

        b. **Work Week Pay Rate**. The NSA is estimated to be $474,750.00. Based on the formula referenced above and depending on the date the Court grants Preliminary Approval, Class Members can expect to receive an estimated $75.00, less taxes, for each week worked during the Class Period. Allocation of the payment specified in this section for tax purposes as set forth in section III.D.ii of this Agreement.

c. The above referenced estimated Work Week pay rate is subject to vary depending upon the amounts approved by the court for Class Counsel's Fee Payment and Litigation and Expenses, Class Representative Payments, and Claims Administration Expenses, the actual date of Preliminary Approval, and upon the number of Class Members who do not participate in the Settlement. As the NSA is non-reversionary, all unclaimed shares of the NSA will be reallocated to Authorized Claimants on a proportional basis. No portion of the GSA or the NSA will revert to Defendant under the terms of this Agreement.

**ii. Withholding for Authorized Claimants**

a. Five percent (5%) of each Settlement Payment specified above in Section III.D.i is intended to settle each authorize claimant's claims for unpaid wages (the "Wage Portion"). The Wage Portion will be reduced by applicable payroll tax withholdings and deductions; the employer's share of legally required payroll taxes for the Wage Portion will be paid to the Settlement Administrator by Defendant in addition to the GSA; the Settlement Administrator will issue an IRS Form W-2 with respect to the wage Portion withheld from each Authorized Claimant who submits a valid and timely Claim Form.

b. Ten percent (10%) of each Settlement Payment specified above in Section III.D.i is intended to serve as interest on unreimbursed expenses and unlawful wage deductions. This portion will not be reduced by payroll tax withholding and deductions. The Settlement Administrator will issue to each Authorized Claimant who submits a valid and timely Claim Form, an IRS From 1099 with respect to this portion of his/her Settlement Payment.

c. Ten percent (10%) of each Settlement Payment specified above in Section III.D.i is intended to serve as statutory penalties pursuant to California Labor Code, section 203 and section 226. This portion will not be reduced by payroll tax withholding and deductions. The Settlement Administrator will issue to each Authorized Claimant who submits a valid and timely Claim Form, an IRS From 1099 with respect to this portion of his/her Settlement Payment.

d. Seventy-Five percent (75%) of each Settlement Payment specified above in Section III.D.i is intended to serve as expense reimbursement payments pursuant to California Labor Code, section 2802. This portion will not be reduced by payroll tax

withholding and deductions. The Settlement Administrator will issue to each Authorized Claimant who submits a valid and timely Claim Form, an IRS From 1099 with respect to this portion of his/her Settlement Payment.

### iii. Effect of Non-Participating Class Members.

Class Members who do not return a valid and timely claim form will not receive a settlement payment.

Only individuals who return a valid and timely Opt-Out Letter or request for exclusion from settlement will not be bound by the release of claims and subsequent judgment.

E. **Settlement Payments.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will make the payments from the Gross Settlement Amount as follows:

i. **To The Named Plaintiff/Class Representatives**: in addition to their Settlement Payments, and subject to the Court's approval, Plaintiffs Lawrence Christensen and George Currea will each receive up to $5,000.00 as a Class Representative Payment, for an aggregate up to $10,000.00. Defendant will not oppose an application for a Class Representative Payment in the above referenced amounts. The Settlement Administrator will pay the Class Representative Payment in the amount approved by the Court. Payroll tax withholding and deductions will not be taken from the Class Representative Payment. An IRS form 1099 will be issued to each of the Named Plaintiff/Class Representatives with respect to the Class Representative Payment awarded. In the event the Court does not approve the entirety of the application for the Class Representative Payment and is less than the amounts requested by plaintiffs, the difference shall become part of the NSA and be available for distribution to Class Members who are Authorized Claimants.

ii. **To Class Counsel**: Class Counsel will apply to the Court for, and Defendant agree not to oppose, the total award of not more than $249,750.00 or rather 33.3% of the GSA for Class Counsel fees and total award of an estimated $7,000.00 for Class Counsel's litigation expenses. The Settlement Administrator will pay the court approved amounts for Class Counsel fees and litigation expenses out of the Gross Settlement Amount. Payroll tax withholding and deductions will not be taken from the Class Counsel fee payment or the Class Counsel Expense Payment. IRS forms 1099 will be issued to Class Counsel with respect to these payments. In the event the Court awards less the amounts requested by Class Counsel for fees and/or costs, the difference shall become part of the NSA and be available for distribution to Authorized Claimants.

iii. **To the Responsible Tax Authorities**. The Administrator will pay to the responsible tax authorities payroll withholding taxes normally borne by employees for payment of wages. The amount of the employees' portion of normal payroll withholding taxes shall be paid by the Administrator out of the Net Settlement Amount. The amount of the employer's share of payroll taxes on the portion of the Settlement Payments allocated to wages shall be paid separately and in addition to the GSA to the Administrator by Defendant. The Administrator will pay the employer's share of payroll taxes to the responsible tax authorities.

iv. **To The Settlement Administrator**. The Settlement Administrator will pay to itself a reasonable fees and expenses estimated to be $7,500.00. This will be paid out of the Gross Settlement Amount.

v. **To all Authorized Claimants**. The Settlement Administrator will pay Authorized Claimants according to the Settlement Payment calculations set forth above. All payments to Authorized Claimants shall be made from the Net Settlement Amount. Unclaimed shares of the NSA shall be redistributed on a proportionate basis to all Authorized Claimants thereby exhausting the NSA.

F. **Appointment of Settlement Administrator**. The Parties will ask the Court to appoint CPT Group, Inc. as the Settlement Administrator, which, as a condition of appointment, who agreed to be bound by this Agreement with respect to the performance of its duties and its compensation.

The Settlement Administrator's duties will include establishing a toll-free 800 number for use by Class Members, and a U.S. Post Office Box for the return of Class Member communications and Forms; conducting a National Change of Address Database search of Class Member's addresses before original mailing to the Class; preparing, printing, and mailing the Classes' Notice Packets; conducting skip traces on any Notice Packets returned by the U.S. Postal Service as non-deliverable; re-mailing the Notice Packets to the Class Members new address; receiving completed claim form, and other communications from Class Members; providing the Parties with weekly status reports about the delivery of Class Notice Packets and receipt of Claim Forms; preparing its declaration for submission to the Court on Final Approval; calculating individual Settlement Payments; issuing the checks to effectuate the payments due under the Settlement; issuing the tax reports required under the Settlement; and otherwise administering the Settlement pursuant to this Agreement. The Settlement Administrator will have the final authority to resolve all disputes concerning the calculation of an Authorized Claimant's Settlement Payment subject to the terms set forth in this Agreement.

G. **Procedure for Approving Settlement**.

   i.  **Motion for Conditional Certification and Preliminary Approval**.

      a.  Plaintiffs will move for an order conditionally certifying the Class for settlement purposes only, giving preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the Class Notice and Claim Form (the "Motion for Preliminary Approval").

      b.  At the hearing on the Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the motion, and submit an order granting conditional certification of the Class and preliminary approval of the Settlement in a form substantially similar to Exhibit C, as approved by the Court, appointing Class Representatives, Class Counsel, and Settlement Administrator; approving the form of the Notice and other Class documents; and setting the Final Approval Hearing.

      c.  Should the Court decline to conditionally certify the Settlement Class or to preliminarily approve all material aspects of the Settlement, the Settlement will be null and void and the Parties will have no further obligations under it.

  ii.  **Notice to Class Members**. After the Court enters its order granting Preliminary Approval of the Settlement, every Class Member will be provided with a Notice Packet in accordance with the following procedure:

      a.  Within seven (7) calendar days after entry of an order granting Preliminary Approval of the Settlement, Defendant shall deliver to the Settlement Administrator a list of all Class Members. The list will include the following information for each class member: his or her name; last known mailing address and telephone number; first and last dates of employment; the number of Work Weeks worked during the relevant Class Period in a covered position, and Social Security number.

      b.  Within fourteen (14) calendar days after entry of an order granting Preliminary Approval of the Settlement, the Settlement Administrator will mail the Class Notice Packets to all identified Class Members via first-class regular U.S. Mail using the mailing address information provided by Defendant, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement.

    c.   If a Notice Packet is returned because of an incorrect address, within ten (10) days from receipt of the returned packet, the Settlement Administrator will search for a more current address for the Class Member and re-mail the Notice Packet to the Class Member. The Settlement Administrator will use the National Change of Address Data Base to attempt to find the current address. The Settlement Administrator will be responsible for taking reasonable steps to trace the mailing address of any Class Member for whom a Notice Packet is returned by the U.S. Postal Service as undeliverable. Theses reasonable steps shall include, at a minimum, the tracking of all undelivered mail; performing address searches for all mail returned without a forwarding address; and promptly re-mailing to Class Members for whom new addresses are found. If the Notice Packet is re-mailed, the Settlement Administrator will note for its own records the date and address of such re-mailing.

    d.   The Settlement Administrator shall provide a weekly status report to the Parties. As part of its weekly status report, the Settlement Administrator will inform Class Counsel and Counsel for Defendant of the number of Notice Packets mailed, the number of Notice Packets returned as undeliverable, and the number of Notice Packets re-mailed.

    e.   No later than twenty-one (21) days before the Final Approval Hearing, the Settlement Administrator will serve on the Parties a declaration of due diligence setting forth its compliance with its obligations under this Agreement. The declaration from the Settlement Administrator shall be filed with the Court by Class Counsel no later than fourteen (14) days before the Final Approval Hearing. Before the final Approval Hearing, the Settlement Administrator will supplement its declaration of due diligence if any material changes occur from the date of the filing of its prior declaration.

iii.  **Claims Process**.

    a.   All Class Members shall have forty-five (45) calendar days from the mailing of the notice packet to return a valid and timely Claim Form to receive a Settlement Payment. No Claim Form will be honored if postmarked after the deadline to submit claims, except as otherwise mutually agreed upon by the Parties or ordered by the Court. The postmark date will be deemed the date of submission.

    b.   If a Class Member submits a timely Claim Form to the Settlement Administrator that is deficient in some material respect (for

example, the Class Member failed to sign it), the Settlement
Administrator will notify the claimant in writing of the basis for
the deficiency and give the claimant a reasonable opportunity to
cure the deficiency, including a follow-up telephone call, if
necessary. The Claims Administrator will also provide the
claimant with Class Counsel's contact information in case the
claimant wishes to seek Class Counsel's assistance. The Claims
Administrator shall attempt to obtain a cure of the deficiency prior
to the Final Approval Hearing.

c.  Twenty (20) days after the initial mailing of the Notice Packets, the
Claims Administrator will send a reminder postcard to all Class
Members who have not by that date returned a Claim Form. The
reminder postcard will notify Class Members of the deadline date
to submit a valid and timely Claim Form and will provide contact
information for the Claims Administrator to request another Notice
Packet or to have any questions answered. The postcard will also
state that Defendant will not retaliate against any Class Member
who chooses to make a claim.

iv.  **Objections to settlement**. The Class Notice will provide that Class
Members who wish to object to the Settlement must do so in writing,
which must be filed with the Court and served on all Parties postmarked
no later than forty-five (45) days after the Settlement Administrator first
mails the Class Notice Packet. The timeframe to submit an objection will
not be increased for returned mailings.

a.  **Format**. Any objections shall state: (a) the objecting person's full
name, address, and telephone number; (b) the words "Notice of
Objection" or "Formal Objection;" (c) describe, in clear and
concise terms, the legal and factual arguments supporting the
objection; and (d) list identifying witnesses the objector may call to
testify at the fairness hearing; and (e) provide true and correct
copies of any exhibits the objector intends to offer at the fairness
hearing. The objection will not be valid if it objects Only to the
Appropriateness of the Action or its merits.

b.  **Notice of Intention to Appear**. Class Members who timely file
valid objections to the Settlement may appear at the Final
Approval Hearing either in person or through the objector's own
counsel, provided the objector has notified Class Counsel and of
his/her intention to appear at the Final Approval Hearing at the
time he/she submits his/her written objections no later than 60 days
after the Claims Administrator first mails the Notice Packets to the
Class.

v.  **Request for Exclusion/Opt-Out**

Any Class Member seeking to be excluded from the Settlement ("Opt-Out") may submit a request for exclusion or Opt-Out to the Settlement Administrator. The Class Notice shall inform the Class Members that they may exclude themselves from the Settlement. If a Class Member elects to Opt-Out, the Class Member must submit a written statement requesting exclusion on or before the expiration of the Opt-Out Period (45 days after the date that the Class Notice is mailed). Any Class Member who requests exclusion from the Settlement will not be entitled to any share of the Net Settlement Fund and will not be bound by the terms of the Settlement Agreement or have any right to object or comment thereon. Class Members who fail to submit a timely and valid request for exclusion or Opt-Out on or before the expiration of the Opt-Out Period shall be bound by all terms of the Settlement, the release set forth therein, and the Order and Final Judgment. Any Class Member who submits a timely and valid request for exclusion or Opt-Out from the Settlement shall no longer be a member of the Class, shall be barred from objecting to the Settlement, and shall not receive any benefit from the Settlement. Any Opt-Out submitted after the Opt-Out period shall be null and void.

vi. **Dispute Resolution Procedure.** If a Class Member disputes the number of Work Weeks or dates of employment inserted in the individualized Claim Form, that Class Member must indicate the correct dates of employment and/or number of weeks worked, and any information or documentation which supports their belief, and must date, sign and timely postmark the Claim Form no later than sixty (60) days after the Settlement Administrator first mails the Class Notice.

The timeframe to submit the dispute will not be increased for returned mailings. In the event of a dispute, Defendant will review its records to verify the correct number of Work Weeks and/or employment dates. Defendant's records will have a rebuttable presumption of correctness. After consultation with Class Counsel, a Class Member and Defendant, the Settlement Administrator will make a determination of the Class Member's number of Work Weeks and/or employment dates and that determination will be final, binding on the Parties and the Class Member, and non-appealable.

vii. **No Solicitation of Objection.** Neither the Parties nor the respective counsel will solicit or otherwise encourage directly or indirectly any Class Member not to submit a Claim Form, or to object to the Settlement, or to appeal from the Judgment.

viii. **Additional Briefing and Final Approval.**

a. Class Counsel will file unopposed motions and memorandums in support thereof for final approval of the Settlement.

b. Class Counsel will also file fifteen (15) days before the 60-day deadline to file and serve written objections and notices of intention to appear, their application for the following payments in accordance with the terms of the Settlement: (1) The Class Counsel Fee Payments; (2) the Class Counsel Litigation Expenses Payments; (3) Administrative Costs; and (4) the Class Representative Payments.

c. If the Court does not grant final approval of the Settlement or if the Court's final approval of the Settlement is reversed or materially modified on appellate review, then this Settlement will become null and void; if that occurs, the Parties will have no further obligations under the Settlement, including any obligation by Defendants to pay the Gross Settlement Amount or any amounts that otherwise would have been owed under this Agreement. An award by the court of a lesser amount than that sought by Plaintiffs and Class Counsel for the Class Representative Payments, the Class Counsel Fee Payments, or the Class Counsel Litigation Expenses, will not constitute a material modification of the Settlement with the meaning of this paragraph.

d. Upon final approval of the Settlement by the Court, the Parties shall present to the Court a proposed Order Approving Class Settlement and entering Judgment in accordance therewith. After entry of the Judgment, the Court shall have continuing jurisdiction over the litigation for purposes of (i) enforcing this Settlement Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as may be appropriate under Court rules or applicable law.

e. The Court's determination on the Class Counsel Fee Payment and Litigation Expenses Payments, Administrative Cost to the Settlement Administrator, and the Class Representative Payments shall be final and binding, and that Court's approval or denial of any amount requested for these items are not conditions of this The, and are not to be considered by the Court separate and apart from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to an application for the Class Counsel Fees, Class Counsel Litigation Expenses Payments, Settlement Administrator Costs, and Class Representative Payments shall not operate to terminate or cancel the Settlement Agreement. But nothing in this agreement shall limit Plaintiffs' Counsel or Class's Counsel ability to appeal any decision by the Court to award less than the requested Class Counsel Fee

Payments, Litigation Expenses Payments, Settlement
Administrator Costs and Class Representative Payments.

ix. **Waiver of Right to Appeal.** Provided that the Judgment is consistent with
the terms and conditions of this Agreement, If Class Members do not
timely object to the Settlement in the manner set forth in this Agreement
and Notice, then the Parties, and their respective counsel waive any and all
rights to appeal from the Judgment, including, but not limited to, all rights
to any post-Judgment proceeding and appellate proceeding, such as a
motion to vacate or set aside judgment, and any extraordinary writ, and
Judgment will become non-appealable at the time it is entered. The waiver
of appeal does not include any waiver of the right to oppose any appeal,
appellate proceedings or post judgment proceedings. This paragraph does
not preclude Plaintiffs or Class Counsel from appealing from a refusal by
the Court to award the full Class Representative Payments, the Class
Counsel Fee Payments, or the Class Counsel Litigation Expenses
Payments sought by them. If an appeal is taken from the Judgment, the
time for consummation of the Settlement (including making payments
under the settlement) will be suspended until such time as the appeal is
finally resolved and Judgment becomes final.

x. **Vacating, Reversing, or Modifying Judgment on Appeal.** If, after a
notice of appeal, the reviewing court vacates, reverses, or modifies the
Judgment such that there is a material modification to the Settlement, and
that court's decision is not completely reversed and the Judgment is not
fully affirm on review by a higher court, then this Settlement will become
no and void and the Parties will have no further obligations under it. A
vacation, reversal, or modification of court awarded Class Representative
Payments or Class Counsel Fees and Expense Payments will not constitute
a vacation, reversal, or material modification of the Judgment within the
meaning of this paragraph. The material modification would include, but
not necessarily be limited to, any alteration of the Gross Settlement
Amount, and alteration in the calculation of the Net Settlement Amount,
and any change to the calculation of the Settlement Payment.

xi. **Funding and disbursement of gross settlement amount.**

a. Within fourteen (14) calendar days of the Effective Final
Settlement Date, Defendant will deliver to the Settlement
Administrator the Gross Settlement Amount plus the employer-
sided taxes as calculated by the Claims Administrator.

Within twenty-one (21) calendar days of the Effective Final
Settlement Date, the Settlement Administrator will pay the
following:

1. to each named Plaintiff/Class Representative, the Court-Awarded Class Representative Payment;

2. to Class Counsel, the Court-Awarded Class Counsel Fee Payment and the Court-Awarded Class Counsel Litigation Expense Payment;

3. to the responsible tax authorities, the employer's share of payroll taxes resulting from the Settlement;

4. to the Settlement Administrator, its reasonable fees and expenses as approved by the Court; and

5. to the Authorize Claimants, the respective Settlement Payments as calculated by the Claims Administrator.

xii. **Uncashed Settlement Payment Checks**. Authorize Claimants must cash or deposit their Settlement Payment checks within 120 calendar days after the checks are mailed to them. If any checks are not redeemed or deposited within 90 days after mailing, the Settlement Administrator will send a letter indicating that unless the check is redeemed or deposited in the next thirty (30) days, it will expire and become non-negotiable, and offered to replace the check if it was lost or misplaced. If any checks remain uncashed or not deposited by the expiration of the 30-day. After mailing of the Reminder Notice, the Settlement Administrator will pay the funds represented by such un-redeemed checks and any sums arising due to a reversal of employee taxes, to Volunteers of America, the Southwest Chapter (www.voa-swcal.org) a non-profit organization working to improve the quality of life by providing services and support to families, children and veterans, nationally and in California.

In the event of uncashed checks, the Authorize Claimants will nevertheless be bound by the terms and releases of the Settlement and subsequent Judgment.

xiii. **Final Report by Settlement Administrator**. Within 10 days after final disbursements of all funds, the Settlement Administrator will serve on the parties a declaration providing a final report on the disbursement of all funds, which will be submitted to the Court for filing.

H. **Release of Claims**.

i. **Plaintiffs/Class Representatives: General Release**. In consideration for the promises made by Defendant in this Agreement, Plaintiffs Lawrence Christensen and George Currea hereby, for themselves and for their heirs, representatives, attorneys, executors, administrators, successors, and

assigns— release, acquit, and forever discharge Defendant and all past, present, and future owners, affiliates, related companies, subsidiaries, divisions, and parents, and their members, managers, investors, shareholders, officers, directors, partners, servants, agents, employees, representatives, attorneys, and insurers, and all persons acting under, by, through, or in concert with any of them, and each of the Released Parties, from any and all actions, causes of action, grievances, obligations, costs, expenses, damages, losses, claims, liabilities, suits, debts, demands, and benefits (including attorneys' fees and costs actually incurred), of whatever character, in law or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature whatsoever, based on any act, omission, event, occurrence, or nonoccurrence from the beginning of time to the date of execution of this Agreement, including, but not limited to, any claims or causes of action arising out of or in any way relating to any of Plaintiffs' employment relationship, or the termination of any employment relationship, with any of the Released Parties, or the termination of any of Plaintiff's employment relationship with any of the Released Parties.

Plaintiff/Class Representatives agree that this release of claims includes, but is not limited to, claims for breach of any implied or express contract or covenants; claims for promissory estoppel; claims of entitlement to any pay, claims for failure to reimburse expenses, claims of wrongful denial of insurance and employment benefits; claims for wrongful termination, public policy violations, defamation, invasion of privacy, emotional distress or other common law or tort matters; claims of harassment, retaliation, or discrimination under federal, state, or local law; claims based on any federal, state, or other governmental statute, regulation or ordinance, including without limitation, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, California Family Rights Act, the California Labor Code, the Fair Labor Standards Act, and the Employee Retirement Income Security.Act. Excluded from this release are any claims that cannot waived by law.

For the purpose of implementing a full and complete release, Plaintiffs expressly acknowledge that the release they give in this agreement is intended to include in its effect, without limitation, claims that they did not know or suspect to exist in their favor at the time of the execution of this Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under the Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims. Plaintiffs expressly waive the provisions of section 1542 of the Civil Code of California (and all similar laws of other jurisdictions), which provides:

A GENERAL RELEASE DOES NOT EXTEND TO
CLAIMS WHICH THE CREDITOR DOES NOT KNOW
OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
THE TIME OF EXECUTING THE RELEASE, WHICH IF
KNOWN BY HIM OR HER MUST HAVE
MATERIALLY AFFECTED HIS OR HER
SETTLEMENT WITH THE DEBTOR.

Plaintiffs understand and agree that they: a) have had a reasonable time within which to consider this Settlement Agreement before executing it; b) hereby are advised by Defendant in writing to consult with their attorneys before executing this Settlement Agreement; c) have discussed this Agreement with their attorneys; d) have carefully read and fully understand all of the provisions of this Settlement Agreement, including the fact that the Settlement Agreement contains a full release of all claims; e) knowingly and voluntarily agree to all of the terms set forth in the Settlement Agreement; and f) knowingly and voluntarily intend to be legally bound by the same.

ii. **Released Class Member Claims, General Release**: Released Claims means that upon the Date of Final Approval, Named Plaintiffs and all members of the Settlement Class, except those that make a valid and timely request to be excluded from the Class, waive, release, discharge, and promise never to assert in any forum any and all expense reimbursement and/or deduction related claims against defendant, its respective subsidiaries, affivilates, predecessors or successors in interest, or the officers, directors, shareholders, employees, attorneys, agents, assigns, insurers, re-insurers, or any of them, that were alleged in the Actionor which could have been alleged based on the facts asserted in the Action, including: 1) Failure to Reimburse Work Related Expenses (Labor Code, section 2802); 2) Unlawful Deductions (Labor Code, sections 221-223); 3) Inaccurate Wage Statements under Labor Code, section 226; 4) Failure to Pay All Wages Owed at Termination (Labor Code, sections 221-223); and 5) Violation of Business and Professions Code, section 17200, et seq.

iii. The Parties' intent in entering into this Agreement is to release Defendant and any of the Class Released Parties from the Released Claims.

I. **Miscellaneous Terms**.

i. **No Admission of Liability or Class Certification for Other Purposes**.

a. Defendant Hillyard, Inc. denies that it has engaged in any unlawful activity, has failed to comply with the law in any respect, has any liability to anyone under the claims asserted in the action, or that

but for the settlement, the Classes should be certified in the Action. This Agreement is entered into solely for the purpose of compromising highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission by Defendant of liability or wrongdoing, or an admission by Plaintiffs that any of their claims were non-meritorious or any defenses to their claims were meritorious. The Settlement and the fact that Plaintiffs and Defendant are willing to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with the Settlement).

b.  The Parties have agreed to class certification for the sole purpose of infection waiting for this Settlement. Should the Settlement be voided by Defendant under this Agreement, or not approved by the Court, or should the Judgment regarding the Settlement not become final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement will have no bearing on, and will not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in the Action, or any other Action, and in any of those events Defendant expressly reserves the right to oppose class certification.

c.  Whether or not the settlement set forth in this Agreement becomes final, neither the Settlement, this Agreement, any document, statement, proceeding or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendant or any other beneficiary of the Released Parties including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, refer to or offered in evidence against any of the Released Parties, in any further proceeding in the Action, or any of the civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

d.  This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement or in defense of any claims released or barred by this Agreement.

ii.  **Integrated Agreement**. After this Agreement is signed and delivered by all Parties and their counsel, this Agreement and its exhibits will constitute the entire agreement between the Parties relating to the Settlement, and it

will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any party concerning this Agreement or its exhibits other than the representations, warranties, or covenants and inducements expressly stated in this Agreement and its exhibits.

iii. **Attorney Authorization**. Class Counsel and Defendant's Counsel warrant and represent that they are authorized by Plaintiffs and Defendant, respectively, to take all appropriate action required or permitted to be taken by such Parties under this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement this Agreement, or on any supplemental provisions that may be become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of the Court.

iv. **Modification of Agreement**. This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their successors in interest.

v. **Agreement Binding on Successors**. This Agreement will be binding upon, any new to the benefit of, the successors of each of the Parties.

vi. **No Prior Assignment**. Plaintiffs hereby represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged. The Claims Administrator shall be empowered and obliged to disregard any assignment, whether voluntary or involuntary, unless written notice of that assignment is served on Class Counsel, Defendant's Counsel, and the Claims Administrator via certified mail, return receipt requested, no later than 5 calendar days prior to the date of Final Approval Hearing.

vii. **Applicable Law**. All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the state of California, without giving effect to any conflict of law principles or choice of law principles.

viii. **Cooperation in Drafting**. The Parties have cooperated in the drafting a preparation of this Agreement. This Agreement will not be construed against any party on the basis that the party was the drafter or participated in the drafting.

ix.  **Fair Settlement**. The parties and their respective counsel believe and
warrant that this agreement reflects a fair, reasonable, and adequate
settlement of the action and have arrived at this agreement through arms-
length negotiations, taking into account all relevant factors, current and
potential.

x.  **No Press Release.** Plaintiffs and Class Counsel, and their representatives
or agents, agree that they will not make defamatory comments concerning
Defendant, their employees or agents, products, methods of doing
business, or employment practices. Plaintiffs and Class Counsel will not
make any public disclosure of the Settlement until preliminarily approved
by the court. Class Counsel take all steps necessary to ensure Plaintiffs are
aware of, and will encourage them to adhere to the restriction against any
public disclosure of the Settlement till after the Settlement is preliminarily
approved by the court. Plaintiffs and Class Counsel shall not at any time
initiate any press release or initiate any contact with the media nor shall
they respond to inquiries from the media with respect to the Settlement
with Defendants, other than to confirm that the information is available to
public records. Class Counsel may, however, reference on their website
the case name, case number, and one sentence summary of the claims
alleged in the complaint, and may indicate the case was "resolved" or
"settled" without specifying the Gross Settlement Amount. None of these
prohibitions of public comment shall prohibit Class Counsel's
communications with the Court as necessary to finalize the Settlement.

xi.  **No Tax or Legal Advice**. The Parties understand and agree that the
Parties are neither providing tax or legal advice, nor making
representations regarding tax obligations or consequences, if any, related
to this Agreement, and that Class Members will assume any such tax
obligations or consequences that may arise from this Agreement, and the
Class Members shall not seek any indemnification from the Parties or any
of the Released Parties in this regard. The Parties agreed that, in the event
that any taxing body determines that additional taxes are due from any
Class Member, such Class Member assumes all responsibility for the
payment of any such taxes.

xii.  **Headings**. The descriptive heading of any section or paragraph of this
agreement is inserted for convenience of reference only and does not
constitute a part of this Agreement.

xiii.  **Notice**. All notices, demands or other communications given under this
Agreement shall be in writing and deemed to have been duly given as of
the third business day after mailing by United States mail, addressed as
follows:

To Plaintiffs and the Class:

Christopher A. Olsen
OLSEN LAW OFFICES, APC
1010 Second Ave. Ste. 1835
San Diego, CA 92101
Telephone: (619) 550-9352
Facsimile: (619) 923-2747

To Defendant:
Lisa Barnett Sween
Natalja M. Fulton
LEWIS BRISBOIS BISGAARD & SMITH LLP
333 Bush Street, Ste. 1100
San Francisco, CA  94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Tracy Wei Costantino
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Ste. 1200
Los Angeles, CA 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

    xiv. **Execution in Counterpart**. This Agreement may be executed in one or more counterparts. All executed counterparts and each fo tehm wil be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves original signed counterparts. Facsimile or PDF signatures will be accepted. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

## IV.    EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel execute this Agreement.

| Dated _____, 2014 | | LAWRENCE CHRISTENSEN |
|---|---|---|
| | | |
| | | BY: _____ |

| Dated _____, 2014 | | GEORGE CURREA |
|---|---|---|

|  |  | BY: _____ |
|---|---|---|

APPROVED AS TO FORM BY:

| Dated _____, 2014 | | CHRISTOPHER A. OLSEN, ESQ.<br>Olsen Law Offices, APC |
|---|---|---|
| | | BY: _____ |
| | | Attorneys for Plaintiffs on behalf of<br>themselves and all others similarly situated |

| Dated _August 14_, 2014 | | HILLYARD, INC. |
|---|---|---|
| | | BY: _~~signature~~_ |
| | | M. Scott Hillyard |

| Dated _____, 2014 | | TRACY WEI COSTANTINO, ESQ.<br>Lewis Bisbois Bisgaard & Smith, LLP |
|---|---|---|
| | | BY: _____ |
| | | Attorneys for Defendant Hillyard, Inc. |

Christopher A. Olsen
OLSEN LAW OFFICES, APC
1010 Second Ave. Ste. 1835
San Diego, CA 92101
Telephone: (619) 550-9352
Facsimile: (619) 923-2747

To Defendant:
Lisa Barnett Sween
Natalja M. Fulton
LEWIS BRISBOIS BISGAARD & SMITH LLP
333 Bush Street, Ste. 1100
San Francisco, CA 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Tracy Wei Costantino
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Ste. 1200
Los Angeles, CA 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

xiv. **Execution in Counterpart**. This Agreement may be executed in one or
more counterparts. All executed counterparts and each fo tehm wil be
deemed to be one and the same instrument provided that counsel for the
Parties will exchange between themselves original signed counterparts.
Facsimile or PDF signatures will be accepted. Any executed counterpart
will be admissible in evidence to prove the existence and contents of this
Agreement.

IV.    EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel execute this Agreement.

| Dated  8/20 , 2014 | LAWRENCE CHRISTENSEN |
|---|---|
| | BY: |
| Dated  Aug 20 , 2014 | GEORGE CURREA |

| | BY: _Google_ |
|---|---|

APPROVED AS TO FORM BY:

| Dated _____, 2014 | CHRISTOPHER A. OLSEN, ESQ.<br>Olsen Law Offices, APC |
|---|---|
| | |
| | BY: _____ |
| | Attorneys for Plaintiffs on behalf of<br>themselves and all others similarly situated |

| Dated _____, 2014 | HILLYARD, INC. |
|---|---|
| | |
| | BY: _____<br>M. Scott Hillyard |

| Dated _____, 2014 | TRACY WEI COSTANTINO, ESQ.<br>Lewis Bisbois Bisgaard & Smith, LLP |
|---|---|
| | |
| | BY: _____<br>Attorneys for Defendant Hillyard, Inc. |

23

|  | BY: _____ |

APPROVED AS TO FORM BY:

| Dated _August 14_, 2014 | CHRISTOPHER A. OLSEN, ESQ.<br>Olsen Law Offices, APC |
|  | BY: _____ |
|  | Attorneys for Plaintiffs on behalf of<br>themselves and all others similarly situated |

| Dated _August 14_, 2014 | HILLYARD, INC. |
|  | BY: _____<br>M. Scott Hillyard |

| Dated _____, 2014 | TRACY WEI COSTANTINO, ESQ.<br>Lewis Bisbois Bisgaard & Smith, LLP |
|  | BY: _____ |
|  | Attorneys for Defendant Hillyard, Inc. |

|  |  | BY: _____ |
|--|--|--|

APPROVED AS TO FORM BY:

| Dated _____, 2014 | | CHRISTOPHER A. OLSEN, ESQ.<br>Olsen Law Offices, APC |
|--|--|--|
| | | BY: _____ |
| | | Attorneys for Plaintiffs on behalf of<br>themselves and all others similarly situated |

| Dated _August 14_, 2014 | | HILLYARD, INC. |
|--|--|--|
| | | BY: _[signature]_ |
| | | M. Scott Hillyard |

| Dated _8/14_, 2014 | | TRACY WEI COSTANTINO, ESQ.<br>Lewis Bisbois Bisgaard & Smith, LLP |
|--|--|--|
| | | BY: _[signature]_ |
| | | Attorneys for Defendant Hillyard, Inc. |

# Exhibit A
## Proposed Notice of Class Action Settlement

Christensen, et al. v. Hillyard, Inc.
U.S. Dist. Court, N.D. Cal., Case No. 13-cv-04389 NC
Magistrate Judge Nathanael Cousins

*UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA*

<u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING</u>

# If you worked as an Outside Sales Person for Hillyard, Inc. at some point during the time period of September 20, 2009 through [DATE OF PRELIMINARY APPROVAL] your legal rights may be affected.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A former employee and a current employee who worked for Hillyard, Inc. ("Hillyard") brought a lawsuit entitled <u>Lawrence Christensen, et al. v. Hillyard, Inc.</u>, Case No. 13-cv-04389 (the "<u>Christensen</u> Complaint") alleging, among other things, that Hillyard failed to reimburse mileage and other expenses, took unlawful deductions, and failed to provide accurate, itemized wage statements. Based on these claims, they alleged that Hillyard owes various wages and penalties to them and other outside sales persons employed by Hillyard.

- Hillyard strongly denies these allegations and contends that it fully complied with the law.

- There has not been any determination regarding the merits of these claims or whether the case may proceed as a class action. However, the parties have reached a settlement to avoid the burden and costs of litigation and you have a choice to make that could affect your legal rights.

## YOUR LEGAL RIGHTS AND OPTIONS

Depending on whether or not you wish to accept the terms of the settlement, you have several options:

| | |
|---|---|
| **Return the Claim Form** | **Receive settlement funds in exchange for giving up certain rights.**<br><br>If you timely return the enclosed Claim Form and are eligible, you will receive a share of the settlement proceeds. If the settlement is granted final approved by the Court, you will be bound by the settlement and you will have released the state and federal law claims set forth in the release. |
| **Request exclusion from the settlement** | **Receive no portion of the settlement proceeds. Retain rights.**<br><br>If you wish to be excluded from the settlement, you must submit a request for exclusion. If you submit a request, you will not be bound by the settlement and you will not receive any of the settlement money. |

4828-3430-9402.1

| **Object to the settlement** | **Object to the Settlement.** |
|---|---|
| | If you disagree with the proposed settlement, you may submit an objection.  If the Court agrees with your objection, the parties can choose whether to withdraw the settlement or change its terms.  If the Court rejects your objection, you will be entitled to participate in the settlement <u>only</u> if you have also submitted a timely and valid Claim Form. |
| **Do nothing** | **Receive no portion of the settlement proceeds.  Give up certain claims.** |
| | If you do not return the Claim Form and do not request exclusion, you will not receive any settlement funds.  You will also have given up certain legal claims under state law, but not federal law. |

Your options are more fully explained in this notice.  The deadline to submit a Claim Form (if you are a former employee), submit an objection or request exclusion is [enter Notice Response Deadline].

| **1.** | **Why did I receive this notice?** |
|---|---|

Hillyard's records show that you may be entitled to share in the funds to be made available for settlement of a class action.  <u>You are not being sued</u>.  However, your rights may be affected by the legal proceedings in this action.  This Notice tells of your rights to share in the settlement or your ability to "opt-out" of the settlement.

The Parties to the litigation signed a Stipulation of Class Action Settlement ("Agreement") that fully sets forth the details of the settlement, and you may obtain a copy of the Agreement from either the Court or the Plaintiffs' counsel.  (Details concerning where to get additional information, including a copy of the Agreement, are provided at the end of this notice.)  The proposed Agreement has been submitted to the Court, and has received preliminary approval.  You have received this Notice because records indicate that you are a member of the Settlement Class.  The settlement applies to all those employed in California from September 20, 2009 in certain outside sales person positions through the date of preliminary approval of this settlement ("Class Members").

The Court must approve the terms of the settlement described below as fair and reasonable to the class.  The settlement will affect all members of the class.  You may get money from the class action settlement, **but only if you submit a valid and timely Claim Form** as indicated below.  The Settlement is intended to settle all actions and causes of action which reasonably relate to the allegations of the <u>Christensen</u> Complaint.

| **2.** | **What is the case about?** |
|---|---|

On September 20, 2013, Lawrence Christensen, a former employee at Hillyard, and George Currea, a current employee of Hillyard, filed complaint in the above-captioned lawsuit ("Lawsuit").  The Plaintiffs alleged that Hillyard failed to reimburse them fully for work-related expenses, took unlawful deductions from wages, failed to provide itemized wage statements, and engaged in unfair business practices pursuant to Business Practices California Business and Professions Code Sections 17200, *et. seq.*  Hillyard strongly denies these allegations and contends that it fully complied with the law.

| **3.** | **What Are My Options?** |
|---|---|

You may submit a Claim Form, request exclusion, object to the settlement, or do nothing.

The option you choose affects whether you receive settlement moneys and whether you give up certain rights. These options are also summarized in the chart on the first page of this notice.

### a.   How do I submit a claim?

If you timely submit a valid Claim Form, you will receive a settlement payment and you will release all claims that are released pursuant to the terms of the Settlement Agreement. The Claim Form must be postmarked by _____.

**NOTE:  YOU WILL ONLY GET MONEY FROM THE SETTLEMENT IF YOU SUBMIT A TIMELY AND VALID CLAIM FORM.  It is your responsibility to ensure the Claims Administrator has timely received your Claim Form.  You may contact the Claims Administrator at the toll free number listed at the bottom of this page to ensure it has been received.  It is also your responsibility to keep a current address on file with the Claims Administrator to ensure receipt of your settlement award.  If you fail to keep your address current, you may not receive a Settlement Award.**

### b.   How do I request exclusion?

If you exclude yourself from the settlement, you will not receive a settlement payment and will not be subject to the terms of the Agreement.

You may exclude yourself from the proposed settlement by taking the following steps.

(1)   You must mail a request to _____ if you wish to be excluded from the settlement.  The written request must contain your name, address, telephone number, Social Security number and the dates of your employment with Hillyard.

(2)   The request must be postmarked by _____, 2014.

You cannot both exclude yourself and obtain a settlement award.  If you exclude yourself from the settlement, you will not receive any settlement award.

### c.   What happens if I do nothing?

If you do nothing (meaning you do not timely submit a valid Claim Form and do not exclude yourself from the settlement) you will not receive a settlement payment.  However, your rights will still be governed by the terms of the Settlement Agreement, and you will waive and release your right to bring certain claims pursuant to the waiver and release of claims provisions of the Settlement Agreement.

### d.   How do I object to the settlement?

If you are satisfied with the proposed settlement, you do not need to appear at the hearing at which the Court will consider final approval of the settlement.  If you object to the proposed settlement you should mail an objection to CPT Group, Inc. PO Box _____, _____, CA _____.  The request must be postmarked by _____, 2014.  You have the right to address the Court at the hearing scheduled for _____, 2014 before the Honorable Nathanael Cousins, District Court Judge, United States District Court, Northern District, Courtroom A--15th Floor, 450 Golden Gate Ave., San Francisco, CA 94102. You may also appear and object to the settlement terms at the Final Approval Hearing through your own attorney.

| 4.   How much can I expect to receive if I submit a claim? |
| --- |

a.   **Summary of settlement**

The maximum sum that Hillyard will pay in connection with the settlement is Seven Hundred Fifty Thousand ($750,000.00) Dollars ("Total Maximum Settlement Amount");

Your individual settlement award will be based on the number of weeks you worked while you were employed by Hillyard during the Class Period.  The Class Period is September 20, 2009 through the date of preliminary approval. Time spent in positions other than those outlined in the Settlement Agreement are not included.  In addition, days in which you were on a leave of absence are also excluded.

Hillyard's records indicate that during the Class Period from September 20, 2009 through [date of preliminary approval], you were employed as an exempt employee for _____workweeks.  If you disagree or dispute this information, you may contact the administrator as indicated below.

Based on this information, the parties presently estimate that the amount of your individual settlement award will be $_____, minus applicable withholdings.  Please note that these are only estimates.  Your actual award may be higher or lower.

Five (5) percent of each Settlement Class Member's Gross Settlement Amount shall be considered wages, subject to withholdings, and Twenty (20) percent shall be considered interest and penalties, and Seventy-five (75) percent shall be considered reimbursement for purposes of taxation.

b.   **Will the Named Plaintiffs Lawrence Christensen and George Currea receive any additional payment?**

Yes.  The Court will also be asked to award an incentive payment (also called an enhancement) to Lawrence Christensen and George Currea in an amount of up to $5,000.00 each.  The incentive payment will be paid from the Total Maximum Settlement Amount, which will reduce any payment made to you as a Settlement Class Member.  This incentive payment is sought to compensate the Named Plaintiffs for their efforts in assisting with the prosecution of the Action on behalf of the Class Members and in return for executing a General Release of all Claims against Released Parties.  In exchange for this additional payment, Lawrence Christensen and George Currea are also giving up other rights in connection with her former employment with Hillyard.

c.   **How will the attorneys for the class be paid?**

You do not need to pay any portion of Plaintiffs' attorneys' fees and costs.  All payments for Plaintiffs' attorneys' fees and costs will be deducted from the Total Maximum Settlement Amount, which will reduce any payment made to you as a Settlement Class Member.  Class Counsel will apply to the court for approval of their attorneys' fees and costs at the hearing scheduled for _____.  The attorneys for the Class will ask for reimbursement of their costs and will ask for fees of up to 33.3% of the Total Maximum Settlement Amount. The actual amount awarded will be determined by the Court to ensure that the amount of attorneys' fees and costs is reasonable.

| | |
|---|---|
| **5.** | **What are the rights at issue in this lawsuit?** |

The settlement relates to the time that you worked as an outside sales person in certain positions outlined in the Settlement Agreement for Hillyard during the Class Period. If the proposed Settlement is approved, all Class Members who have not requested exclusion will have released the "Released Parties" from the "Released Claims" as defined below and will be permanently barred from suing or otherwise making a claim against any of the Released Parties that is in any way related to the Released Claims. This is more completely set forth as follows:

Settlement Class Members shall fully and finally release and discharge Hillyard, Inc. and each of its past, present, or future officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, attorneys, consultants, insurers, and reinsurers, and its successors and predecessors in interest, subsidiaries, affiliates, parents, and each of their company-sponsored employee benefit plans, all of its officers, directors, employees, administrators, fiduciaries, trustees, and agents, and any related entity that employed Settlement Class Members during the Class Period ("Released Parties") from the Released Claims.

"Released Claims" means that upon the Date of Final Approval, Named Plaintiffs and all members of the Settlement Class, except those that make a valid and timely request to be excluded from the Class, waive, release, discharge, and promise never to assert in any forum any and all expense reimbursement and/or deduction related claims against defendant, its respective subsidiaries, affiliates, predecessors or successors in interest, or the officers, directors, shareholders, employees, attorneys, agents, assigns, insurers, re-insurers, or any of them, that were alleged in the Action or which could have been alleged based on the facts asserted in the Action, including: 1) Failure to Reimburse Work Related Expenses (Labor Code, section 2802); 2) Unlawful Deductions (Labor Code, sections 221-223); 3) Inaccurate Wage Statements under Labor Code, section 226; 4) Failure to Pay All Wages Owed at Termination (Labor Code, sections 221-223); and 5) Violation of Business and Professions Code, section 17200, et seq.

If, by the Notice Response Deadline, those who otherwise would be Settlement Class Members have filed with the court timely objections as set forth in Paragraph 3(d) from the Class and the number of such Settlement Class Members is greater than five (5), Hillyard shall have, in its sole discretion, the option to terminate this Settlement.

| | |
|---|---|
| **6.** | **I am a current employee, will I be subject to discipline based on whether I submit a claim?** |

No. Your decision as to whether or not to submit a Claim Form will in no way affect your employment with Hillyard. Hillyard is prohibited by law and committed to ensuring that you will not be retaliated against in any way based on your decision whether or not to participate in the settlement.

| | |
|---|---|
| **7.** | **Where can I get additional information?** |

This Notice only summarizes this lawsuit, the Settlement, and related matters. For more information, you may inspect the Court files at the United States District Court, Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, from 10:00 a.m. to 4:00 p.m., Monday through Friday. If you have questions about the settlement, you may also contact counsel for the Plaintiff class as follows:

**CHRISTOPHER A. OLSEN**
**OLSEN LAW OFFICES, APC**
**1010 Second Ave., Ste. 1835**
**San Diego, CA 92101**
**Telephone: (619) 550-9352**
**Facsimile: (619) 923-2747**

**Email: caolsen@caolsenlawoffices.com**

You may also contact the claims administrator as follows:

**CPT GROUP, INC.**
**PO Box _____**
**_____, CA _____**
**Telephone:** **_____**
**Facsimile:** **_____**

PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK
FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.

# Exhibit B
## Proposed Claim Form

Christensen, et al. v. Hillyard, Inc.
U.S. Dist. Court, N.D. Cal., Case No. 13-cv-04389 NC
Magistrate Judge Nathanael Cousins

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

*Christensen, et al. v. Hillyard, Inc.*  **Case No. 13-cv-04389-NC**

# <u>CLAIM FORM</u>

COMPLETE, SIGN AND MAIL

BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PREPAID TO:

**Christensen Claims Administration**

**c/o CPT Group, Inc.**

**PO Box _____**

**_____, CA _____**

<u>**Must be Postmarked No Later Than:**</u> **_____, 2014**

YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS CLAIM FORM

<u>INSTRUCTIONS</u>

1. Please complete, sign and mail this form to share in the recovery of this action.
2. If you move, please send us your new address.
3. Please do not send any supporting documentation at this time.  If such documentation is deemed necessary, a separate request will be sent to you directly.
4. If found eligible, you should not expect to receive any payment until approximately September 2014.

Please Type or Print

Name (First, Middle, Last):_____

Street Address:_____

City, State, Zip Code:_____

Former Names (if any): _____

Last Four Digits of Social Security Number _____

(_____) _____ (Work)              (_____) _____ (Home)

Area Code Telephone Number                      Area Code Telephone Number

-1-

I declare under penalty of perjury that the foregoing is true and correct and that I was employed as an exempt employee at Hillyard, Inc. sometime during the period of September 20, 2009 to [***insert date of preliminary approval***].

X_____     _____
   (sign your name here)                    Date