UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAWRENCE DANIEL CHRISTENSEN and GEORGE CURREA, on behalf of themselves and all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>HILLYARD, INC.,<br><br>Defendant. | Case No. 13-cv-04389 NC<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 29 |

Before the Court is plaintiffs' third motion to preliminarily approve the class action settlement with defendant Hillyard, Inc., to certify the class for purposes of settlement, and to approve class notice. Because the parties have demonstrated that the proposed class action settlement is fair, adequate, and reasonable, the Court grants plaintiffs' motion for preliminary approval of the class action settlement. The Court also conditionally certifies the class for purposes of settlement and approves the proposed notice to the class.

**I. BACKGROUND**

**A.  Plaintiffs' Allegations**

This putative class action arises out of Hillyard's alleged failure to reimburse sales employees for work-related expenses incurred during demonstrations of products. Dkt. No. 1 at ¶ 1. Plaintiffs allege that they were required to travel to diverse geographic areas to

demonstrate Hillyard's products and services. *Id*. Plaintiffs allege that Hillyard required class members to partially cover the cost of the products used for the demonstrations, in violation of California law. *Id.* Plaintiffs also allege that Hillyard required class members to "purchase laptop computers, cell-phones, iPads, and even [] corporate uniform shirts" and that Hillyard did not reimburse any of these costs, in violation of California law. *Id.*

Plaintiffs' proposed class includes employees who sold Hillyard's products in California who either "incurred expenditures or losses as a direct result of their employment with [Hillyard] but were not reimbursed for those expenditures or losses" or who "had costs of [Hillyard's] products deducted from their wages." *Id.* at ¶ 2. There are approximately forty-two members of the purported class for settlement purposes. Dkt. No. 21-1 at 6.

**B.   Procedural History**

On September 20, 2013, plaintiffs filed a putative class action against Hillyard, Inc. Dkt. No. 1. The complaint brought claims for failure to reimburse expenses under California Labor Code § 2802, unlawful deductions under California Labor Code § 221, inaccurate wage statements under California Labor Code § 226, waiting time penalties under California Labor Code §§ 201-203, and a claim for unfair business practices under California Business and Professions Code § 17200. Hillyard answered the complaint on November 7, 2013. Dkt. No. 14.

The parties engaged in private mediation on March 6, 2013. Dkt. No. 21-1 at 5. After a full day of mediation, the parties reached a settlement and later executed a formal settlement agreement. *Id.*

On May 7, 2014, plaintiffs moved for preliminary approval of the class action settlement. Dkt. No. 21. The Court held a hearing on June 11, 2014. Dkt. No. 23. The Court denied preliminary approval of the settlement agreement because the Court could not assess the fairness of the release of the class members' claims, which was referenced in the class notice but not included in the settlement agreement submitted to the Court. Dkt. No. 26. Plaintiffs filed a second motion for preliminary approval of an amended settlement agreement on July 17, 2014. Dkt. No. 27. The Court denied the motion because the scope

Case No. 13-cv-04389 NC
ORDER GRANTING PRELIMINARY                    2
APPROVAL OF CLASS SETTLEMENT

of the release of the class members' claims was overly broad. Dkt. No. 28. Plaintiffs moved a third time for preliminary approval of an amended settlement agreement on August 20, 2014. Dkt. No. 29. No objectors have thus far raised an objection to the first, second, or third proposed settlement.

Plaintiffs and defendant have consented to the jurisdiction of a magistrate judge. Dkt. No. 16.

**C.   Overview of the Settlement Agreement**

Following an all-day mediation session on March 6, 2013, the parties reached a settlement. Dkt. Nos. 20, 21-1 at 5. In August, 2014, the parties reached an amended settlement agreement. Dkt. No. 29-3. The key provisions of the amended settlement agreement are as follows:

**1.   Class Definition**

The settlement agreement defines the class as "all employees of Defendant employed in a Covered Position at any time during the period from September 20, 2009 through the Date of Preliminary Approval." Dkt. No. 29-3 at 2. "Covered Positions" means "the positions in which the Named Plaintiffs were employed by Defendant at any time during the relevant Class Period, including outside sales representative." *Id.* at 3.

**2.   Payment to the Settlement Class**

Under the settlement, Hillyard will pay a gross amount of $750,000 "plus the employer's share of withholding taxes on that portion of the Net Settlement Amount allocated to wages." *Id.* at 7. The net benefit to be paid to the class will be $750,000, less (1) any enhancement award paid to lead plaintiffs; (2) any fee and expense award paid to class counsel, and (3) payment to the settlement administrator. *Id.* at 4. The net settlement amount is estimated to be $474,750. *Id.* at 7.

Under the agreement, each of the approximately forty-two class members who submit complete and timely claim forms will receive a portion of the net settlement amount based on "(a) the individual Class Member's total number of work weeks in a covered position (b) divided by the aggregate number of work weeks for all members of the classes (with the

Case No. 13-cv-04389 NC
ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT

3

1  division rounded to four decimal places) (c) multiplied by the value of the Net Settlement
2  Amount." *Id.*  The class members can expect to receive $75, less taxes, for each week
3  worked during the class period, depending on when the Court grants preliminary approval
4  and the amount of attorney's fees and plaintiffs' enhancement awards. *Id.* at 7-8.

   Five percent of each settlement payment is "intended to settle each authorize [sic]
   claimant's claims for unpaid wages [and thus] will be reduced by applicable payroll tax
   withholdings and deductions." *Id.* at 8.  Hillyard will pay its share of payroll taxes for this
   portion of the settlement in addition to the gross settlement amount. *Id.*

### 3.     Enhancement Award and Attorney's Fees and Costs

   The settlement agreement provides for a $5,000.00 enhancement to be paid to named
plaintiffs, Lawrence Christensen and George Currea, and that Hillyard will not object to the
awards. *Id.* at 9.  In addition, under the agreement, plaintiffs' counsel intends to ask the
Court to award attorney's fees and costs "of not more than $249,750.00 or rather 33.3% of
the [gross settlement] for Class Counsel fees and total award of an estimated $7,000.00 for
Class Counsel's litigation expenses." *Id.*  Under the agreement, Hillyard will not object to
this request for fees and costs. *Id.*

### 4.     Release of Claims

   The settlement agreement provides for a broad release of the named plaintiffs' claims
against Hillyard. *Id.* at 17-19.  In addition, the agreement requires that class members
release "any and all expense reimbursement and/or deduction related claims . . . that were
alleged in the Actionor [sic] which could have been alleged based on the facts asserted in
the Action. . . ." *Id.* at 19.

### 5.     Class Notice

   The parties propose that CPT Group, Inc. administer direct notice to the class. *Id.* at
10.  Hillyard agrees to provide the settlement administrator with a list of all class members,
including the class members' names, last known mailing addresses and telephone numbers,
dates of employment, number of work weeks during the class period, and social security
numbers. *Id*. at 11.

Case No. 13-cv-04389 NC
ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT            4

The settlement agreement states that the settlement administrator will send notice to the class members via first-class mail. *Id.* If a notice is returned because of an incorrect address, the settlement administrator will search for a current address using the National Change of Address Data Base, and will re-mail the notice if a new address is found. *Id.* at 12. The settlement administrator will provide counsel with a declaration of compliance affirming that it has completed the tasks assigned to it by the Court and under the agreement. *Id.* Class members will be afforded forty-five days to elect to opt out from the settlement or to file an objection. *Id.* at 13-14. If more than five class members object to the settlement, Hillyard may exercise an option to declare the agreement void. *Id.* at 6.

## II. DISCUSSION

**A.     Preliminary Approval of the Settlement**

Federal Rule of Civil Procedure 23(e) requires judicial approval of any settlement by a certified class. Although there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998), "[t]he purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights," *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Accordingly, a settlement should only be approved if it is "fundamentally fair, adequate, and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (internal quotation marks omitted). In determining whether the proposed settlement meets this standard, the Court does not have the ability "to delete, modify, or substitute certain provisions . . . . The settlement must stand or fall in its entirety." *Id.* Due to the dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court designated class representative, settlement approval that takes place prior to formal class certification requires a higher standard of fairness. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

"The Court may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed, non-collusive

negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Harris v. Vector Mktg. Corp.*, No. 08-cv-05198 EMC, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). The Court previously discussed the settlement process, preferential treatment, and the expected class recovery, and found that those factors weighed in favor of settlement approval. Dkt. No. 26. But the Court found that the previous iteration of the parties' settlement agreement suffered from an obvious deficiency in that it included a release of class claims that was overly broad. Dkt. No. 28. The Court now finds that the amended settlement agreement has cured that deficiency.

The settlement agreement requires that class members release "any and all expense reimbursement and/or deduction related claims . . . that were alleged in the Actionor [sic] which could have been alleged based on the facts asserted in the Action. . . ." *Id.* at 19. This language cures the breadth issue because the release now "directly track[s] the allegations in the complaint." *Custom LED, LLC v. eBay, Inc*, No. 12-cv-00350 JST, 2013 WL 6114379, at *7 (N.D. Cal. Nov. 20, 2013) (citing *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) ("A settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action, but *only where* the released claim is based on the identical factual predicate as that underlying the claims in the settled class action.") (citations and internal quotation marks omitted) (emphasis added)). The settlement agreement limits released claims to those arising out of the facts alleged in the complaint, whereas previously the release was broad enough to encompass claims for failure to reimburse expenses or unlawful deductions wholly unrelated to those at issue in this litigation. The Court therefore finds that the amended settlement agreement is free from obvious deficiencies and grants preliminary approval of the settlement agreement.

//

//

Case No. 13-cv-04389 NC
ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT           6

**B.     Notice**

The Court previously approved the proposed notice as meeting the requirements of the Federal Rules of Civil Procedure. Dkt. No. 28. The parties have amended the proposed notice to include the more limited release of claims language, which is obviously sensible. The Court therefore approves the amended proposed class notice.

**C.     Conditional Certification of Class for Settlement**

Class certification requires that: (1) the class be so numerous that joinder of all members individually is 'impracticable;' (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representative must be typical of the claims or defenses of the class; and (4) the person representing the class must be able fairly and adequately to protect the interests of all members of the class. Fed. R. Civ. P. 23(a); *Staton v. Boeing*, 327 F.3d 938, 953 (9th Cir. 2003). In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under Federal Rule of Civil Procedure 23(b). Here, the parties assert that the action is maintainable under Rule 23(b)(3) because questions of law or fact common to class members predominate over any question affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b); *Hanlon v. Chrysler*, 150 F.3d 1011, 1022 (9th Cir. 1998).

The proposed settlement class appears to meet the requirements for certification under Rule 23(a). First, the forty-two potential class members are sufficiently numerous that joinder of all members would be impracticable. Second, there are questions of fact and law common to all class members, such as whether outside sales representatives reasonably and necessarily incurred expenses while performing their work duties, whether Hillyard fully reimbursed those expenses, and whether Hillyard unlawfully deducted operational expenses from earned wages. Third, plaintiffs' claims are identical to those of other class members, and Hillyard's defenses to plaintiffs' claims are typical of Hillyard's defenses to class members' claims. Fourth, the parties jointly maintain that there are no conflicts of interest

between plaintiff and class members, and there are no perceived conflicts with plaintiffs' counsel.

Further, the proposed class meets the requirements of Rule 23(b). Considerations of judicial economy favor litigating this case as a class action. Since this case involves multiple claims for relatively small sums, a class action is superior to an alternative method for adjudicating the parties' claims. *See Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1154, 1163 (9th Cir. 2001) ("if plaintiffs cannot proceed as a class, some-perhaps most-will be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover."). According to the record provided, no potential class member has expressed a desire to proceed independently and no unusual obstacles have appeared that would make managing the class particularly difficult.

The Court therefore conditionally certifies the class for purposes of settlement.

### III. CONCLUSION

The Court grants preliminary approval of the proposed settlement agreement. The Court sets a final fairness hearing for 1:00 p.m. on December 3, 2014 in Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. The motion for final approval, plaintiffs' motion for class representative fee payment and class counsel fees and expenses payment, and the settlement administrator's declaration of due diligence must be filed no later than November 12, 2014.

IT IS SO ORDERED.

Date: August 22, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge