# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| LAWRENCE DANIEL CHRISTENSEN and GEORGE CURREA, on behalf of themselves and all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>HILLYARD, INC.,<br><br>Defendants. | Case No. 13-cv-04389 NC<br><br>**ORDER RE: FURTHER BRIEFING** |

Before the Court is plaintiffs' motion for final approval of class action settlement as well as plaintiffs' motion for award of class representative payments and attorneys' fees. The proposed order does not address who the *cy pres* beneficiary would be in the event that class members fail to cash or deposit their award.

The Court's website contains a resource for class action settlements located under the Forms & Guidelines section entitled, "Procedural Guidance for Class Action Settlements." According to item 8 of these guidelines:

> The parties should address their chosen *cy pres* awardees, if any, and how those awardees are related to the subject matter of the lawsuit and the class members, including their location. *See, e.g., Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012); *Nachsin v. AOL, LLC*, 663 F.3d 1064 (9th Cir. 2011). In general, unused funds allocated to attorneys' fees, incentive awards, settlement administration fees and payments to class members should be distributed to the class pro rata or awarded to a *cy pres* recipient.

*See* http://www.cand.uscourts.gov/ClassActionSettlementGuidance.

The settlement agreement in this case includes a *cy pres* provision entitled, "Uncashed Settlement Payment Checks." Dkt. No. 29-3 at 17. The provision states in part:

> If any checks remain uncashed or not deposited by the expiration of the 30-day. [sic] After mailing of the Reminder Notice, the Settlement Administrator will pay the funds represented by such un-redeemed checks and any sums arising due to a reversal of employee taxes, to Volunteers of America, the Southwest Chapter (www.voa-swcal.org) a non-profit organization working to improve the quality of life by providing services and support to families, children and veterans, nationally and in California.

*Id.*

It is not clear from the face of this provision that the *cy pres* beneficiary meets the standard under *Dennis*. *See Dennis*, 697 F.3d at 865 (finding that there must be a "driving nexus between the plaintiff class and the *cy pres* beneficiaries") (citation omitted).

Therefore, the Court orders the plaintiffs to submit supplemental briefing within seven days explaining how the *cy pres* awardee meets the requirements set forth in *Dennis*.

IT IS SO ORDERED.

Date: December 5, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge